<hr />

# CHARLESTON.

## Seamonds, *et als. v.* Hodge.

### Submitted January 20, 1892.—Decided March 26, 1892.

1.  Wills.

> The will of L. contained the following clause :  "I give and bequeath to my wife, M. L., all my estate, both real and personal, of every kind and description, for the purpose of raising her children, to have and to hold to her and her heirs forever."  Said

clause conferred upon the wife an absolute estate in the property mentioned, and created no trust in favor of the children.

2. WILLS.

The words, "for the purpose of raising her children," must be construed as the motive assigned for the gift.

*W. S. Thornbury* and *Brown, Jackson & Knight* for appellants cited 1 Perr. Tr. § 117 ; 2 Gratt. 1; 3 Leigh 258; 1 Rob. 442; 83 Va. 200; 34 W. Va. 310; Id. 426.

*Simms & Enslow* for appellees cited 2 Gratt. 1 ; 34 W. Va. 310; Id. 426; Schon. Wills 595; 18 Gratt. 541.

ENGLISH, JUDGE:

Matthew Lusher, who was a resident of Cabell county, W. Va., made his last will and testament on the 1st day of March, 1854, and died during the same month. In this will, after providing for the payment of his debts and funeral expenses out of his estate, he inserted the following clause : "I give and bequeath to my wife, Margaret Lusher, all my estate, both real and personal, of every kind and description, for the purpose of raising her children, to have and to hold for her and her heirs forever." Said Matthew Lusher left surviving him his widow, Margaret Lusher, and five children, namely, Sarah J. Seamonds, wife of William H. Seamonds, James M. Lusher, Mary L. Gibson, Toliver S. Lusher, and Matthew I. Lusher. Said Margaret afterwards intermarried with one Hodge, by whom she had one child named Charles A. Hodge. Said Margaret Hodge died in 1888, the said Hodge, her husband, having died previously.

Shortly before her death said Margaret Hodge conveyed to said Charles A. Hodge a certain tract of land situated in Cabell county, containing one hundred and twenty five acres, the same being part of the land devised to her by said Matthew Lusher, which land was conveyed to said Charles A. Hodge in consideration of one dollar, subject to the life-estate of the said Margaret, and for the further consideration that the said Charles A. Hodge should, at the death of the said Margaret Hodge, pay to Sarah J. Seamonds, James M. Lusher, Matthew I. Lusher, and Toliver S. Lusher each

the sum of one hundred dollars without interest, and to Mary L. Gibson, at the death of said Margaret Hodge, one hundred and fifty dollars ; and said C. A. Hodge was to have five years after the death of said Margaret Hodge in which to pay said several sums of money.

On the 25th day of April, 1890, the children of said Margaret Hodge by her first husband brought a suit in equity against said Charles A. Hodge, alleging that said Matthew Lusher died seised of valuable real estate in said county of Cabell, which he disposed of by his last will and testament, which was duly probated and admitted to record in the County Court of said county on the 27th day of March, 1854, a certified copy of which will they exhibited ; and they alleged that by the terms of said will the said Margaret Lusher did not take the legal title in fee, but only an equitable estate therein for her life, with an equitable estate in fee in remainder to the plaintiffs, the five children of the said Matthew and Margaret Lusher ; that the said Margaret Lusher afterwards married said Hodge, who has since died, by whom she had one child, the defendant, Charles A. Hodge, and that the said Margaret died in 1888 ; that shortly before her death she conveyed said one hundred and twenty five acres voluntarily and without consideration to said Charles A. Hodge, which was part of the lands disposed of by said will of Matthew Lusher, and in which said Margaret had an equitable estate for life, a certified copy of which deed was exhibited ; and they further alleged that, the said Margaret being dead, the said Charles A. Hodge holds the legal title to said land in trust for plaintiffs, but that said defendant repudiates his character as such trustee and claims to hold said land in fee for his own use and benefit and denies that plaintiffs have any interest therein, all of which was alleged to be in fraud of the plaintiffs' rights, and to their great injury ; and they prayed that said defendant might be decreed to hold the said land in trust for them, and that he might be directed to convey the same to them, and for general relief.

On the 8th day of February, 1890, the defendant filed a demurrer to the plaintiffs' bill ; which demurrer being argued by counsel, and considered by the court, on the 23d

day of September, 1891, a decree was rendered in the cause, in which the court held that the will of Matthew Lusher exhibited with said bill vested an absolute estate in the devisee, Margaret Lusher, and that the plaintiffs were not entitled to the relief prayed for, sustained the defendant's demurrer and dismissed the plaintiffs' bill, and from this decree the plaintiffs applied for and obtained this appeal.

The errors assigned are as follows: (1) The Circuit court of said county erred in sustaining the demurrer of said defendant. (2) The court erred in decreeing that the will of Matthew Lusher vested an absolute estate in the devisee, Margaret Lusher. As these assignments raise the same question, they may be considered together.

I read the clause under consideration as follows: "I give and bequeath to my wife, Margaret Lusher, all my estate, both real and personal, of every kind and description, to have and to hold to her and her heirs forever, for the purpose of raising her children." It is contended by counsel for the appellants that the language of this clause made the said Margaret Lusher a trustee, holding the title of said property, as such, for the benefit of her children.

If the words, "for the purpose of raising her children," be omitted from the clause, no one would question for a moment that the remaining words of the clause would confer upon said Margaret Lusher the fee simple of said property. What is the effect, then, of the words, "for the purpose of raising her children?" Do they create a trust, or must they not rather be construed as a motive of the gift?

In 1 Jarm. Wills, p. 700, we find the author says: "But here, as in the case of precatory trusts, if the property is given in the first instance for the absolute benefit or to be at the disposal of the donee, especially if such donee be the parent, no trust will be created by subsequent words showing that the maintenance of the children was a motive of the gift." And also on page 701 he says: "In Brown v. Casamajor, 4 Ves. 498, a legacy was given to a father, the better to enable him to provide for his younger children. The father consented to secure the principal for the benefit of his younger children, but the court, on his petition, held him entitled to the past arrears of interest. The report sug-

gests no reason for this decision but that which appears to be the reasonable one, viz., that the legacy was originally absolute to the father, and remained so, except so far as his consent to settle it had deprived himself of his interest;" citing 4 Ves. 498. And again, on page 702, the author says: "A legacy to A., the better to enable him to pay his debts, expresses the motive for the testator's bounty, but certainly creates no trust which the creditors of A. could enforce in this court; and again, a legacy to A. the better to enable him to maintain or educate and provide for his family, must in the abstract be subject to a like construction."

Perry, Trusts, § 119, reads as follows: "But no trust is implied where the words simply state the motive leading to the gift, as where the gift is to a person to enable him to maintain his children, or an absolute gift is made, and the motive stated 'that he may support himself and children,' or a gift is made absolutely for her own use and benefit, 'having full confidence in her sufficient and judicious provision for the children;' * * * and it may be added that the mere expression of a purpose for which a gift is made does not render the purpose obligatory."

Again, in the case of *Rhett* v. *Mason's Ex'x*, 18 Gratt. 541, the clause in the will in controversy read as follows: "I devise all my estate in possession, remainder, reversion or in expectancy to my beloved wife, B. C. M., for her maintenance and support, and for the maintenance and support of our children during her life and widowhood. In the event of her marriage, she is to be restricted to her dower and distributary share, as in case of intestacy." It was held, upon the language of the clause, that the widow was entitled during her widowhood to the whole profits of the estate, and there was no trust for the children.

In the case of *Bain* v. *Buff's Adm'r*, 76 Va. 371, it was held that the words, "for the sole and separate use of herself and child or children," *etc.*, do not give any estate to the child or children, but indicate the motive for the gift to the "mother."

Schouler, Wills, § 596, says: "American cases hold, moreover, that a gift to enable a legatee to confer a bounty on others is not a trust, but a beneficial legacy to him."

In *Wilmoth* v. *Wilmoth,* 34 W. Va. 426 (12 S. E. Rep. 731) this Court held : "The second clause of the will giving a wife all of the testator's personalty, to be hers absolutely, to be used by her in any way or manner she may wish for her own comfort and for the benefit of our two children," gives the wife an absolute estate, and that "there was no implied or precatory trust thereby created for the children."

It will be noticed that the will under consideration was executed on the 1st day of March, 1854, and was admitted to probate on the 27th of the same month ; and that the deed from Margaret Hodge to Charles A. Hodge was acknowledged on the 8th day of April, 1889, and was admitted to record on the 25th day of June in the same year ; and this suit was instituted on the 25th day of April, 1890 ; so that the youngest child by the first marriage must have been thirty five or thirty six years of age at the time said deed was made and said suit was brought ; and the strictest requirement of the clause we are asked to construe had long since been complied with, as the youngest child by the first marriage had reached its majority more than fourteen years before suit was brought. The property was given to said Margaret Lusher, to have and to hold to her and her heirs forever for the purpose of raising her children. This wish of the testator had long been complied with, and it is clear that said children could claim nothing further under the will. No trust was created in their favor.

We are therefore of the opinion that said clause in the will of Matthew Lusher conferred on his devisee, Margaret Lusher, an absolute estate in the property devised, and that the Circuit Court committed no error in sustaining the defendant's demurrer.

The decree complained of must therefore be affirmed, with costs and damages to the appellee.

AFFIRMED.