# CHARLESTON.

## BAKER *v.* BAKER.

Submitted September 9, 1902.    Decided April 11, 1903.

1. **WILL.**
    Under the following provisions in a will: "21—I will that the balance of my lands not willed shall be sold and the money given to my wife for charitable purposes. I will that the balance of my bonds not willed shall be collected and the money given to my wife for charitable purposes." *Held:* The wife takes the money bequeathed, absolutely. (p. 167).

2. **WILL.**
    The words "for charitable purposes" are mere precatory words containing no command or instructions, but leaving the whole matter in the discretion of the legatee. (p. 169).

3. **LEGACY—***Bounty.*
    A gift to enable a legatee to confer bounty on others, is not a trust, but a beneficial legacy to him. (p. 169).

4. **WILL.**
    Where the will clearly shows that the use of the property indicated is merely the motive which leads the testator to make the gift and if the beneficiary is not limited in his discretion as to the use which he is to make of it, the gift does not impose the trust. (p. 169).

Appeal from Circuit Court, Grant County.

Bill by Aaron Baker's executors against Mary E. Baker, executrix, and others. Decree for plaintiffs, and defendant Mary E. Baker appeals.

*Reversed.*

F. M. REYNOLDS, for appellant.

J. N. MCMULLEN and BENJAMIN DAILEY, for appellees.

MCWHORTER, PRESIDENT:

Aaron Baker, of Grant County, executed his last will and testament in which he provides: "1st, I will to my beloved wife, Mary E. Baker, my home farm and my one hundred-acre

tract of land lying west of Obed Babb's residence to hold during her lifetime.

2nd, I will to her, Mary E. Baker, all the stock that is on my farm including all furniture in my house, and all tools and machinery there is on the place at my death.

3rd, I will to my wife, Mary E. Baker, my bank stock and three thousand dollars of my bonds, her choice."

Having no children he proceeds to provide certain sums for his brothers and sisters and half brothers and half sisters and nephews and nieces, the 8th clause of which is as follows:

"8th, I will to Bernie V., daughter of my half brother, Benjamin F. Baker, dec'd, Five Hundred Dollars."

And makes disposition of the home place at the death of his wife. He then provides in clause 21, as follows:

"21, I will that the balance of my lands not willed shall be sold and the money given to my wife for charitable purposes. I will that the balance of my bonds not willed shall be collected and the money given to my wife for charitable purposes."

And appoints his said wife and G. W. McCauley his executors and directs that they should not be required to give bond. The will is dated the 7th day of January, 1898. Afterwards, on the 9th day of April, 1898, he made the following codicil:

"1st, I revoke the legacy given in said will to Bernie V., daughter of my half brother Benjamin F. Baker, dec'd., she being now dead and I devise and bequeath the five hundred dollars that I had given to her, to be given to my wife, Mollie E. Baker for charitable purposes."

The executors filed their bill in the circuit court of Grant County praying that the court would construe item 21, and the said codicil, and determine whether said item 21, and said codicil or either of them were valid, and that in the event the court should determine that said provision of item 21 and the said codicil were void for uncertainty or some other cause, it would direct the plaintiffs to whom the money coming into their hands, under said provision, should be paid, and for general and special relief.

The defendant, Mary E. Baker, filed her separate answer, denying that said item and codicil were void on account of being indefinite and uncertain or for any other reason, averring that testator willed to his next of kin, of his estate all that he

intended they should have and made respondent his residuary legatee under the terms and provisions of said item 21 and the codicil, and thereby gave this respondent the residue of his estate mentioned in said item 21, and codicil, as her absolute property to do with as she wished or desired, and claimed that the expression contained in said item and codicil, that said residuary legacies were given to her "for charitable purposes" did not create any trust for charitable purposes or for any other purpose, but was a mere expression of the motive of the testator for making respondent his residuary legatee, and claimed that she as such residuary legatee was entitled in her own right to said testator's estate given to her by said item 21, and by the codicil; and prayed that the same might be paid to her by the executors of said will, that respondent was advised that the amount of said residuary legacies coming to her under said item and codicil amounted to, perhaps $10,000.00 or $12,-000.00, or more; and insisting that the next of kin of said Aaron Baker were not entitled to said residue of his estate, not by the law of descents or otherwise; but that respondent was entitled to the same as his widow; that said testator was not under any obligations to the said next of kin of him claiming the residue of said estate under said item 21 and the codicil; that what was given them was purely a gratuity on testator's part and not because of any obligation resting on her late husband to do so, and praying to be dismissed with her reasonable costs.

On the 4th of December, 1901, the cause was heard on the bill and exhibits filed, process duly executed on all the home defendants, order of publication as to the non-resident defendants completed and posted and the answer of Mary E. Baker then filed and general replication thereto, and was argued by counsel. "On consideration whereof the court being of the opinion that item 21 in the will of Aaron Baker, deceased, which is as follows: 'I will that the balance of my lands not willed shall be sold and the money given to my wife for charitable purposes. I will that the balance of my bonds not willed shall be collected and the money given to my wife for charitable purposes,' is void because too indefinite and uncertain and that the codicil to said will is also void because too indefinite and uncertain and doth so decide, and the court being further of the opinion that the defendant, Mary E. Baker, widof of

Aaron Baker, deceased, not having renounced the provisions of the said will for her within the time required by law, is not entitled to participate in the distribution of the property mentioned in said void devices and bequests, and that the same shall be distributed among the other heirs at law and distributees of the said Aaron Baker dec'd." The court then referred the cause to a commissioner with directions to state, settle and adjust the accounts of the executors and to ascertain and report who were entitled to the amounts in the hands of the executors arising from the property mentioned in said void devises and bequests and in what proportion, and any other matter deemed pertinent by him or any party interested in the matter may require. From which decree Mary E. Baker appealed to this Court.

The principal question involved in this matter is what was the intention of the testator. Was it his purpose and intent by the words "For charitable purposes," to create a trust, making his wife, Mary E. Baker, trustee, to dispense the charities he intended, or whether such words can be construed to create a trust? It is asserted by counsel for appellant and not denied that the will was written by the testator himself and it is very probable without the aid or advice of an attorney, and in construing the will it is our duty, as it would be in any case, to take the whole will together and ascertain, if possible, the purpose and intent of the testator. He had evidently bestowed upon his next of kin as much of his property and substance as he intended they should have; he provided a reasonable support for his wife, the first object of his care and protection.

Evidently the testator had no special charity in view, he points out no particular charity he intended should receive his bounty, gives no directions and suggests no course to be pursued by his wife in dispensing the charities. His only purpose seems to have been to place at her disposal such funds as would enable her to exercise the generous and charitable disposition with which she was evidently endowed, in her own way and in any direction that she, in her discretion saw proper. If he had placed this money in her hands with directions to build a church or some charitable institution, without particularizing, to make it certain as to what he desired and intended to be carried out, it might be said he had created a trust, but one which was so indefinite and uncertain that it was

void; but in the language used by him he meant no particular charities other than such as she might in her discretion see proper to bestow. The words "for charitable purposes," are merely precatory words, containing no command or instructions, but leaving the whole matter in the discretion of the legatee. 1 Perry on Trusts, sec. 119, "But no trust is implied where the words simply state the motive leading to the gift, as where the gift is to a person 'to enable him to maintain the children.' * * * When a testator gives to his wife 'to use, benefit and proceeds of his real estate for life and of his personal estate, absolutely, having full confidence that she will leave the surplus to be divided justly among his children,' it was held that the widow took the personal estate absolutely subject to no trust, and that the word 'surplus' meant what was left unconsumed and undisposed of by her. And it may be added that the mere expression of a purpose for which a gift is made does not render the purpose obligatory." And in *Seamonds* v. *Hodge,* 36 W. Va. 304, where it is held: That the wife took an absolute estate in the property mentioned and created no trust in favor of the children under this devise and bequest. "I give and bequeath to my wife, M. L., all of my estate, both real and personal, of every kind and description for the purpose of raising her children, to have and to hold, to her and her heirs forever." And it was there held that the words "for the purpose of raising her children" must be construed as the motive assigned for the gift; and in *Bain* v. *Buff,* 76 Va. 371, it is held: that the words "For the sole and separate use of herself and child, or children" do not give any estate to the child or children, but indicate the motive for the gifts to the mother; and Schouler on Wills, sec. 596, says, "American cases hold, moreover, that a gift to enable a legatee to confer a bounty on others is not a trust but a beneficial legacy to him." See also *Wilmoth* v. *Wilmoth,* 34 W. Va. 426, (11 S. E. 731.) In cases where it it difficult to determine whether the words used create a trust or not, it is said in Paige on Wills, sec. 613: "The test, as laid down by the courts, is a simple one, the application alone being difficult. If the will clearly shows that the use of the property indicated is merely the motive which leads the testator to make the gift and if the beneficiary is not limited in his discretion as to the use which he is to make of it the gift does not impose a trust." Underhill on Trusts and Trus-

tees, pages 28, 29, 30 and 31. In *Boyle* v. *Boyle,* 152 Pa. St. 108; 34 American St. 629, it is held: "A provision in a will 'I give and bequeath to my wife; all my property, real and personal, for her support during her natural lifetime; any remainder at her decease to be disposed of by her as she may think just and right among my children' imports a gift, and gives to the wife upon the death of the testator a fee in the property with all its incidents, including the power to sell and to devise. The words referring to any remainder do not limit the wife's estate or the preceding words of gift, but are precatory and do not create a trust in favor of the children."

It is there further held: "The intention of a testator to create a trust must be apparent upon the face of his will apart from the mere existence of words of trust and confidence, or none will be deemed to exist. Mere precatory words or words of command or of explanation, contained in a will, are not enough to create a trust, or to establish an intention not to be gathered from a consideration of the operative words upon the face of the instrument."

Beck's Appeal, 46 Pa. St. 527, "A testator after bequeathing an annuity to his wife for her support, in lieu of dower, directed his executors to allow her during her widowhood, a further sum per annum to be paid in the same manner and at the same time with the yearly annuity, in addition thereto, 'for house-rent.' *Held:*

"(1) That the bequest of the additional annuity was absolute, depending only on the condition of widowhood.

"(2) That the clause describing the object of the gift was not a condition subsequent to the bequest of the annuity so as to defeat it, when, and for so long as, the widow ceased to be a housekeeper.

"(3) That the widow was entitled to the additional annuity so long as she remained the widow of the testator, though she did not keep house and was not therefore obliged to pay rent." In *Williams* v. *Worthington,* 49 Md. 572; 33 American Reports, 286, the syllabus of the case is as follows: "A testator provided as follows: 'It is my will and desire, and I hereby devise and bequeath all my property, real, personal and mixed, to my dear wife E. A., and her heirs and assigns forever, and it is my request and desire that my said wife E. A.

should by last will and testament devise and bequeath all of said property at her death remaining in her possession to my friend B. W., and to E. W., their heirs and assigns forever, share and share alike.' *Held:* that this did not create any trust, but that E. A.'s estate was absolute." Also see note at end of the case. In his opinion in this case, Bartol, C. J., quotes with approval, the rule laid down in 2 Story Eq. Jur., sec. 1069, "It will be agreed on all sides, that where the intention of the testator is to leave the whole subject as a pure matter of discretion to the good will and pleasure of the party enjoying his confidence and favor, and where his expressions of desire are intended as mere moral suggestions to excite and aid that discretion, but not absolutely to control it, there the language connot and ought not to be held to create a trust. Now words of recommendation, and other words precatory in their nature, imply that very discretion, as contradictinguished from peremptory orders, and therefore ought to be so construed, unless a different sense is irresistibly forced upon them by the context. *Meredith* v. *Heneage,* 1 Sim. 542. Accordingly in more modern times a strong disposition has been indicated not to extend this doctrine of recommendatory trusts, but as far as the authorities will allow to give to words of wills their natural and ordinary sense, unless it is clear that they were desidned to be used in a peremptory sense." See also 1 Jar. on Wills, pp. 396-7, and cases there cited. Appellees cite cases referred to in 1 Jar. on Wills, where it is held, "A gift to A. to dispose of among her children," or "A gift to A. for bringing up her children" gives A. no interest, but creates a complete trust for her children. The first—"a gift to A. to dispose of among her children," might create a trust if it so appears from the whole will. The second—"a gift to A. for bringing up her children" are almost the exact equivalent of the following words used in *Seamonds* v. *Hodge,* 36 W. Va. 304, before cited, where it is held that the words "for the purpose of raising her children" must be construed as the motive assigned for the gift. And in *Rhett* v. *Mason,* 18 Grat. 541, the clause in the will in controversy was, "I devise all my estate, in possession, remainder, reversion or in expectancy, to my beloved wife B. C. M., for her maintenance and support, and for the maintenance and support of our children,

during her life and widowhood. In the event of her marriage, she is to be restricted to her dower and distributory share as in case of intestacy." Upon this language it was held that the widow was entitled during her widowhood to the whole profits of the estate, and there was no trust for the children.

In support of appellee's proposition that the bequest made in item 21 and codicile are void for uncertainty, they cite a long line of cases decided by this Court, beginning with *Carpenter* v. *Miller,* 3 W. Va. 174, where it is held that a clause devising estate "To the propagation of the Gospel in foreign lands," is void for uncertainty. This citation is followed by *Bible Society* v. *Pendleton,* 7 W. Va. 69; *Knox* v. *Knox,* 9 *Id.* 124; *Carskadon* v. *Torreyson,* 17 *Id.* 43; *Brown* v. *Caldwell,* 23 *Id.* 187; *Mong* v. *Roush,* 29 *Id.* 119; *Wilson* v. *Perry, Id.* 169; *Pack* v. *Shanklin,* 43 *Id.* 304. In all these cases the devises and bequests were made attempting to create a trust for the benefit of particular charities named and specified, leaving no question as to the purpose and intent of the testator to create a trust, and in each case the bequest or devise was held to be void for uncertainty. Counsel for appellees argue three propositions.

First, was a trust created in said items 21 and codicil?

Second, were the gifts mentioned therein void because the beneficiaries were indefinite and uncertain?

Third, who is entitled to the money, if said gifts are void?

In our view of the case, as set forth in what has preceded, no trust was created by said item 21 and codicil, and the gifts mentioned therein are void for uncertainty. Taking the whole will together it was clearly the intention and purpose af the testator to provide his wife with a fund which would enable her, solely at her discretion, to dispense charities in such manner as she might choose.

For the reasons herein given decree of the circuit court must be reversed, and this Court doth construe the said item 21, of the will, and the codicil, to give to the said Mary E. Baker, wife of the testator, the money and property mentioned in said item 21 and codicil to be hers absolutely, and this Court doth accordingly so decree.

*Reversed.*