Mildred **BARAB** and Barney Barab, M.D.

v.

Pamela **MENFORD**, d/b/a Pamela Minford's Hacienda Inn, a/k/a Hacienda Inn

v.

**CHANNEL HOME CENTERS, INC.**

Civ. A. No. 81–4274.

United States District Court, E.D. Pennsylvania.

Jan. 20, 1983.

Mark S. Levy, Michael Coren, Krimsky, Luterman, Levy & Angstreich, Philadelphia, Pa., for plaintiffs.

Christopher Fallon, Cozen, Begier & O'Connor, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

Third-party defendant Channel Home Centers, Inc. (Channel) has filed a motion to file and serve a third-party complaint upon Joy Plastics, Inc. In a letter to the court, defendant's counsel stated that he has no objection to Channel's motion. Plaintiff's counsel also stated in a letter to the court that he does not oppose Channel's motion as long as this would not impede trial of this action. Notwithstanding that Channel's motion is unopposed, the motion will be denied for the reasons set forth herein.

■ Federal Rule of Civil Procedure 14(a) provides in part that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to [the original defendant] for all or part of the plaintiff's claim against him.*" Fed.R.Civ.P. 14(a) (emphasis added). It is no longer possible under Rule 14, as it was prior to the 1948 amendment to the rule, to implead a third party claimed to be solely liable to the plaintiff. *Millard v. Municipal Sewer Authority,* 442 F.2d 539, 541 (3d Cir.1971); *Schwab v. Erie Lackawanna R.R. Co.,* 438 F.2d 62, 66 (3d Cir. 1971). A proposed third-party plaintiff must allege facts sufficient to establish the derivative or secondary liability of the proposed third-party defendant. *Waterman v. Consolidated Rail Corp.,* No. 82–5145 (E.D.Pa. January 12, 1983); *Johnson & Johnson, Inc. v. Kunkin,* No. 81–0126 (January 11, 1982); *Tiesler v. Martin Paint Stores, Inc.,* 76 F.R.D. 640, 642–43 (E.D.Pa. 1977). Thus, under Rule 14(a), a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff.

In this action, Channel, the proposed third-party plaintiff, is alleged to have sold to the defendant the doormat which allegedly caused the injuries to plaintiff Mildred Barab. Channel denied selling the doormat to the defendant and, after discovery, continues to assert that denial. Channel contends that after having the doormat inspected by one of its buyers, it was able to identify the proposed third-party defendant, Joy Plastics, Inc., as the manufacturer and/or seller. Channel further contends that it could not reasonably have discovered the identity and involvement of the proposed third-party defendant at an earlier date because Channel had no records of the sale or purchase of the product and Joy Plastics, Inc., was *not* a supplier of the product to Channel.

■ It is clear from Channel's allegations that Channel has established no basis for the derivative or secondary liability of Joy Plastics, Inc. Channel's contentions, if accepted as true, would be a total defense to the defendant's third-party complaint against Channel. The fact that Joy Plastics, Inc., may be liable to the original defendant, in the event that the plaintiffs assert a claim against Joy Plastics, Inc., and prevail, does not form a basis for Channel to implead Joy Plastics, Inc., as a third-party defendant. Channel has alleged no facts which would suggest any possibility that Joy Plastics, Inc., could be liable to Channel. It is Channel's position that it never sold the doormat in question; that Joy Plastics, Inc., never supplied the product to Channel; and that Channel and Joy Plastics, Inc., had no relationship with each other in reference to the sale of the doormat to the Hacienda Inn.

The discovery deadline in this action was initially set for February 15, 1982. By agreement of the parties, and upon approval by the court, discovery was extended to April 15, 1982. On March 3, 1982, a third-party summons was issued to Channel as a third-party defendant. Discovery has continued in this action, notwithstanding the April 15, 1982 discovery deadline. To permit Channel to implead Joy Plastics, Inc., at this stage of the litigation would inevitably impede trial of this action. Of necessity, Joy Plastics, Inc., would need additional time for discovery to determine its relative position in the litigation. In the event that Channel does establish that it did not manufacture or supply the doormat at issue, the original defendant may have a claim against Joy Plastics, Inc. However, this is not a matter to be determined in these proceedings.