**WATERGATE LANDMARK CONDOMINIUM UNIT OWNERS' ASSOCIATION, Plaintiff,**

v.

**WISS, JANEY, ELSTNER ASSOCIATES, INC. and Legum & Norman Realty, Inc., Defendants,**

v.

**BRISK WATERPROOFING CO., INC. and Tadjer–Cohen Associates Inspection Co., Ltd., Third Party Defendants.**

**Civ. A. No. 87–0689–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 9, 1987.

Robert G. Watt, Watt, Tieder, Killian & Hoffar, Vienna, Va., for plaintiff.

Edward H. Grove, III, Brault, Plamer, Grove & Zimmerman, Fairfax, Va., for defendant Wiss, Janey Elstner Associates, Inc.

Karen C. Bunting, Pike, Falls Church, Va., for Douglas B. Mishkin, Melrod, Redman & Gartlan, P.C., Washington, D.C., for defendant Legum & Norman.

---

James C. Gregg, MacCleay & Lynch, P.C., Arlington, Va., for third party defendant Tadjer–Cohen.

Richard F. Lane, Thompson & Waldron, Alexandria, Va., for third party defendant Brisk.

## MEMORANDUM OPINION

ELLIS, District Judge.

### Introduction

■ This multiparty construction litigation raises the question whether third party claims are permissible in the absence of derivative or secondary liability. They are not; Rule 14(a), Fed.R.Civ.P., by its terms, and established authority make unmistakably clear that a third party complaint is appropriate only where the third party defendant would be secondarily or derivatively liable to the defendant in the event the defendant is held liable to the plaintiff.

### Background

This diversity action grew out of condominium owners' dissatisfaction with certain work done on their balconies. The condominium association, Watergate Landmark Condominium Unit Owner's Association (the Association), sued an engineering firm, Wiss, Janey, Elstner Associates (Wiss, Janey), and a real estate management firm, Legum & Norman Realty (Legum & Norman). The complaint alleges the Association entered into a contract with Wiss, Janey in the spring of 1985 under which Wiss, Janey was to prepare specifications for the repair of the Association members' balconies. These, it seems, had begun to deteriorate. According to the complaint, the specifications were prepared and the work performed in accordance with them. The effort apparently did not succeed; the complaint alleges the repairs failed to correct the existing balcony problems and failed to halt further deterioration.

Based on these allegations, the Association asserts that Wiss, Janey's specifications were defective, in breach of express and implied warranties and negligently prepared. The complaint also charges that Legum & Norman, the manager of the condominiums and the Association's agent, breached the management contract by recommending Wiss, Janey rather than a firm capable of providing proper specifications for the balcony repairs. Additionally, the complaint avers that Legum & Norman failed to call to the Association's attention two Wiss, Janey letters purporting to limit the efficacy and scope of the specifications. This failure is alleged to constitute a breach of the management agreement and a breach of Legum & Norman's agency duty.

In response to the complaint, Legum & Norman filed an answer, a cross-claim against Wiss, Janey and a third party complaint against Brisk Waterproofing Company (Brisk), the company that performed the repairs, and Tadger–Cohen Associates Inspection Company, Ltd., the inspector of the repairs. The amended third party complaint alleges that Brisk negligently performed the repairs and is solely liable to the Association. Brisk has moved pursuant to Rule 12(b)(6), Fed.R.Civ.P. to dismiss the amended third party complaint. For the reasons set forth here, the motion is granted and the amended third party complaint is dismissed without prejudice.

### Analysis

The question presented is whether Legum & Norman's third party claim is maintainable under Rule 14(a), Fed.R.Civ.P. Central to this question is whether the third party claim asserts that Brisk's liability is derivative of, or secondary to, Legum & Norman's liability to the Association. Legum & Norman does not claim that Brisk is derivatively or secondarily liable. Nor indeed could such a claim be made, for the Association's complaint concedes that the repair work was performed non-negligently in accordance with the specifications. Whether Brisk's work was negligent is not part of the main claim of the Association against Legum & Norman. Thus, Legum & Norman's claim against Brisk is independent of the outcome of the main claim. Given this, the third party claim against Brisk is manifestly inappropriate in this case.

It is settled beyond dispute that a third party claim can be maintained only if the liability it asserts is in some way derivative of the main claim. Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable. Absent such derivative liability, a third party claim must fail. As one district court succinctly put it:

> It is no longer possible under Rule 14, as it was prior to the 1948 amendment to the rule, to implead a third party claimed to be solely liable to the plaintiff.... A proposed third-party plaintiff must allege facts sufficient to establish the derivative or secondary liability of the proposed third-party defendant.... Thus, under Rule 14(a); a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff.

*Barab v. Menford,* 98 F.R.D. 455, 456 (E.D. Pa.1983) (citations omitted).

Numerous courts have echoed this principle.[1] To be sure, further factual development may suggest that the repair work, as Legum & Norman alleges, was the sole cause of the problem. But even so, this would not save the third party claim, for "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff.*" *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2399 n. 3, 57 L.Ed.2d 274 (1978) (emphasis in original). Derivative liability is central to the operation of Rule 14. It cannot be used as a device to bring into a controversy matters which merely happen to have some relationship to the original action.

■ Other courts' use of the Rule 14 derivative liability principle confirms the inappropriateness of the claim against Brisk in this case. Thus, in *Struss v. Renault, U.S.A., Inc.,* 108 F.R.D. 691 (W.D. Pa.1985), a plaintiff, whose two minor children were injured in an auto accident, sued the auto manufacturer on a crashworthiness theory. The manufacturer's effort to implead the driver failed where it was based on the theory that the driver's negligence was the sole cause. Similarly, in the *Barab* case, impleader was held improper where plaintiff claimed defendant was the seller of the doormat that caused her injuries and defendant denied this and claimed that the proposed third party defendant was the actual seller of the accused doormat. 98 F.R.D. at 455–57. In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff." Legum & Norman's claim against Brisk is a "him, not me" situation and therefore must fail.[2]

Legum & Norman cannot avoid this result by claiming that it is seeking contribution from Brisk. Although a right of contribution is generally a proper basis on which to file a third party complaint, Virginia's contribution statute does not apply to

---

1. *See, e.g., Millard v. Municipal Sewer Authority,* 442 F.2d 539, 541 (3rd Cir.1971); *Schwab v. Erie Lackawanna R.R.,* 438 F.2d 62, 66 (3rd Cir. 1971); *Tesch v. United States,* 546 F.Supp. 526, 529 (E.D.Pa.1982).

2. The inappropriateness of Rule 14 impleader in this context is vividly illustrated by the differing types of proof each party would pursue and the resultant high potential for jury confusion. While the Association would focus on inadequate specifications, Legum & Norman and Brisk would focus on the workmanship, a topic the Association would claim was irrelevant. Conceivably, the Association might fail to prevail on its specifications claim, while Legum & Norman might, at the same time, prevail on its negligent workmanship claim. In that event, however, no damages could be awarded to the Association because the main claim would have failed.

this action.[3] Section 8.01–34 provides that, "Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude." Legum & Norman and Brisk are not joint wrongdoers within the meaning of the statute.

The statute has been held to give a right of contribution "only where the person injured … has a right of action against two persons for the same indivisible injury." *Laws v. Spain*, 312 F.Supp. 315, 318 (E.D. Va.1970). *See also Norfolk S.R.R. v. Gretakis*, 162 Va. 597, 600, 174 S.E. 841, 842 (1934), *overruled on other grounds, Smith v. Kauffman*, 212 Va. 181, 183 S.E.2d 190 (1971). Here, the acts which are involved in the main claim are separate and distinct from the acts alleged to given rise to the third party claim. The main claim against Legum & Norman involves the hiring of Wiss, Janey and the delivery of the specifications. Legum & Norman is alleged to have breached its contract with the Association and its duties as an agent of the Association. The third party complaint deals with Brisk's alleged negligent performance of the repairs, a separate event which occurred later in time and, significantly, an event that is specifically disclaimed by the complaint as a basis for the action. Brisk is not alleged to have participated in the selection of Wiss, Janey or in the failure to deliver information to the Association. Thus, because Legum & Norman and Brisk did not share a common duty to the Association and the acts giving rise to the main claim and third party claim were separate in time, place and consequences, the alleged injuries to plaintiff were not indivisible. *See Struss*, 108 F.R.D. 691, 694 (interpreting Pennsylvania law). There is no joint liability between Legum & Norman and the Association for plaintiff's claims and therefore no duty on Brisk's part to contribute to any recovery of damages against Legum & Norman.

Accordingly, Legum & Norman's third party complaint against Brisk is dismissed. This Court, of course, intimates no view as to whether Legum & Norman's theory that Brisk's negligence caused plaintiff's damages may provide a defense to the main claim.[4] *See Struss*, 108 F.R.D. 691, 695 (defendant free to assert theory underlying third party claim as a defense); *St. Thomas v. Harrisburg Hosp.*, 108 F.R.D. 2, 4 (M.D.Pa.1985) (same). Similarly, no view is expressed here on the merits of any separate claim the Association or Legum & Norman may have against Brisk for negligent workmanship. And finally, it may be worth noting that a different result would obtain here had the Association's claim been broad enough to include a claim for recovery based on inadequate workmanship.

An appropriate order has been entered.

---

**3.** Rule 14 creates no new substantive rights: litigants must look to some other rule of law on which to base a third-party complaint. *Uptagrafft v. United States*, 315 F.2d 200, 202–03 (4th Cir.), *cert. denied*, 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963).

**4.** Even if the specifications are shown to be inadequate, the proximate cause of the harm claimed by the Association may be negligent workmanship.