Jon H. TOBERMAN and
Carol Toberman, his
wife, Plaintiffs,

v.

Jesse L. COPAS; Valley Kitchens, Inc.;
Stanley D. Dykes; Lakefront Lines,
Inc., t/d/b/a Lakefront Trailways, Defendants.

Richard MENENDEZ, Defendant
and Third Party Plaintiff,

v.

Timothy SWARTHOUT and St.
Johnsbury Trucking Co., Third
Party Defendants.

Civ. A. No. 1:CV–92–0597.

United States District Court,
M.D. Pennsylvania.

Sept. 30, 1992.

---

Frederick W. Bode, III, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., Gary D. Martz, Katherman, Martz & Gailey, York, Pa., for Jon H. Toberman.

Gary D. Martz, Katherman, Martz & Gailey, York, Pa., for Carol Toberman.

Richard H. Wix, Wix Wenger Weidner & Gunnison, Harrisburg, Pa., for Richard Menendez.

Ralph E. Kinsworthy, Lebanon, Ohio, for Valley Kitchens, Inc.

James F. Carl, Harrisburg, Pa., for Stanley D. Dykes, Lakefront Lines, Inc.

James W. Evans, Mette, Evans & Woodside, Michael D. Pipa, Harrisburg, Pa., for Timothy Swarthout and St. Johnsbury Trucking Co.

## MEMORANDUM

RAMBO, Chief Judge.

Before the court is the motion of Third Party Defendants to dismiss, or in the alternative, for a more definite statement. The motion has been briefed and is ripe for disposition.

*Background*

On May 6, 1992, Plaintiffs Jon and Carol Toberman filed a complaint against the captioned defendants. The complaint detailed counts of negligence and loss of consortium against each defendant, arising out of a motor vehicle accident which occurred on May 26, 1990 on the Pennsylvania Turnpike in Bedford County, Pennsylvania. Plaintiffs' complaint cited various injuries resulting from the accident, and provided some detail regarding the order of the events involved in the accident, the part played by each of the defendants, and specific conduct that was alleged to be negligent.

One of those defendants was Richard Menendez. On May 26, 1992, Menendez filed a Third Party Complaint against Timothy Swarthout and St. Johnsbury Trucking Company. It is this third party complaint that is the subject of the current motion.

*Discussion*

The relevant portion of the Third Party complaint, for purposes of this motion, is paragraph four, which reads:

> If the Plaintiffs are entitled to recover for damages alleged and Defendant/Third Party Plaintiff Menendez is held liable, which liability is expressly denied, then and in that event, and in the alternative, Defendant/Third Party Plaintiff Menendez believes and avers that all accidents, injuries, and/or damages involved in this action were caused by and were the direct and proximate result of the negligence of the Third Party Defendants, Timothy Swarthout and St. Johnsbury Trucking Co., in this action, and that each of the Third Party Defendants in this action is solely liable to the Plaintiffs, or in the alternative, each Third Party Defendant is jointly and severally liable and Defendant/Third Party Plaintiff Menendez is entitled to contribution and/or indemnification from the Third Party Defendants.

Third party complaint at ¶ 4.

Third Party Defendants' motion to dismiss relies on Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Specifically, Third Party Defendants argue that the third party complaint, as worded, does not fall within the court's ancillary jurisdiction and does not comport with the pleading requirements of Federal Rule of Civil Procedure 8.

**I. Is the Third Party Complaint a Proper Application of Rule 14?**

Third Party Defendants argue that this court lacks jurisdiction over the third party claims that they are solely liable or jointly and severally liable to the Plaintiffs. After examining the issue, this court tends to agree, though not on exactly the same rationale presented by Third Party Defendants.

Third Party Defendants have been impleaded by defendant Menendez under Federal Rule of Civil Procedure 14. Rule 14 allows third party complaints to be served by a defendant/third party plaintiff upon "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R.Civ.P. 14(a).

The underlying purpose of Rule 14 is to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him. Charles A. Wright, Arthur Miller & Mary Kane, 6 *Federal Practice and Procedure* ("Wright & Miller"), § 1441 at 289–90 (1990). True Rule 14 claims fall within "ancillary" or "supplemental" jurisdiction; the latter is a judicially developed concept under which a district court exercises jurisdiction over incidental matters raised by a case over which the court otherwise properly has jurisdiction. *See id.*, § 1444 at 316. Rule 14 neither creates any legal causes of action, nor authorizes the use of impleader practice to violate the limits of federal jurisdiction. *Id.*, § 1442 at 293–94.

Rule 14 was amended in 1946, with the amended version becoming effective in 1948; prior to that time, a defendant could also implead persons directly liable to the plaintiff. *Id.*, § 1441 at 287–88. The 1948

amendment removed a serious jurisdictional issue that had arisen under Rule 14: if a defendant's impleader of a third party who was liable to the plaintiff under ancillary jurisdiction were allowed, this might sanction circumvention of federal jurisdictional requirements, like diversity of citizenship, by encouraging collusion between the original plaintiff and the original defendant.[1] *Id.*, § 1444 at 320. The 1948 amendment was designed to totally eliminate the possibility of this occurring. *Id.* at 321.[2]

 Courts have stringently followed the rule that a third party complaint may not set forth a claim of the third party defendant's liability to the plaintiff. It must set forth a claim of *secondary* liability such that, if the third party plaintiff is found liable, the third party defendant will be liable to him/her under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law. Jack Friedenthal, Mary Kane and Arthur Miller, *Civil Procedure* ("Friedenthal, Kane & Miller"), § 6.9 at 362. Any third party complaint which does not facially meet this test is not proper under Rule 14 and thus falls outside of this court's ancillary jurisdiction. *See, e.g., Hanko v. United States*, 583 F.Supp. 1280, 1284 (W.D.Pa.), *aff'd without opinion*, 749 F.2d 26 (3d Cir.1984); *Cook v. Cook*, 559 F.Supp. 218, 219 (E.D.Pa.1983); *Barab v. Menford*, 98 F.R.D. 455, 456 (E.D.Pa.1983); *Murray v. Reliance Ins. Co.*, 60 F.R.D. 390, 391–92 (D.Minn.1973). A theory that another party is the correct defendant is not appropriate for a third party complaint.

A defendant sued for negligence, for example, cannot implead a third party whose negligence was totally responsible for plaintiff's injury. When a third party's conduct furnishes a complete defense against the defendant's liability, the defendant may raise that conduct defensively in his answer but may not use it as a foundation for impleader. Friedenthal, Kane & Miller, § 6.9 at 363.[3] *See, e.g., Barab*, 98 F.R.D. at 456 (even if third party defendant's contentions would constitute total defense, they were not proper basis to implead additional party under Rule 14); *Donaldson v. United States Steel Corp.*, 53 F.R.D. 228, 230 (W.D.Pa.1971) (proposed third party defendant's total responsibility for plaintiff's injuries was a defense, not grounds for third party complaint).

In the captioned action, Third Party Defendants challenge the language in the third party complaint regarding their sole and direct liability to Plaintiffs. Given the foregoing discussion, this claim of sole and direct liability to Plaintiffs does not comprise a proper third party claim under Rule 14. Again, the third party complaint can only assert a theory of derivative liability to Third Party Plaintiff (recognized by Pennsylvania law) if he is found liable.

Third Party Defendants have raised no challenge to the remainder of the paragraph quoted above, regarding indemnity or contribution. However, there is no indication that the Third Party Plaintiff's theory of recovery is any different with regard to that remaining language. There is no allegation in the third party complaint that Third Party Defendants stand in a joint tortfeasor relationship to Third Party Plaintiff, or that there is any relationship

---

1. Hence, before 1948, in cases like the captioned one, a defendant might have impleaded a third party who was allegedly directly liable to the plaintiff, but was not diverse in citizenship; the plaintiff could not have sued the third party in federal court, and to allow the third party's impleader would promote collusion to avoid the requirements of diversity jurisdiction.

2. *See* Fed.R.Civ.P. 14, Notes of Advisory Committee on Rules, 1946 Amendment.

3. The court would refer counsel to one particular text, Joseph W. Glannon's *Civil Procedure, Examples & Explanations* (Little & Brown, 1987). Glannon gives several instructive hypothetical examples regarding Rule 14, including one concerning "Dillinger," an apprehended robber, who sues "Officer Hayes" for assault in the process of arrest. "Officer Hayes" attempts to implead "Officer Kelly," claiming misidentification, that "Officer Kelly" was the actual arresting officer. However, he cannot do so. Either one officer or the other will be solely liable to the plaintiff; a defendant cannot use impleader merely to suggest new targets for the plaintiff. *See*, Glannon at 150–51.

of contribution or indemnity, which would trigger secondary liability under Pennsylvania law. The complaint merely says that Third Party Defendants are liable for indemnity or contribution to Third Party Plaintiff because they are wholly responsible for Plaintiffs' injuries. As stated earlier, this is not an acceptable theory for third party liability under Rule 14.

Third Party Plaintiff will be given a chance to amend his third party complaint, if possible, to comport with the requirements of Rule 14. If he does not do so, the motion to dismiss will be granted. Of course, once an amended complaint is submitted, Third Party Defendants will be free to raise any appropriate challenges permitted by the Federal Rules.

## II. Is the Third Party Complaint Sufficiently Detailed?

■ Since Third Party Plaintiff may choose to submit an amended complaint, the court will address Third Party Defendants' second argument as well. Third Party Defendants rely on Rule 12(b)(6) to argue that the present third party complaint fails to state a claim because it is so lacking in factual allegations that it contains nothing that, if proven, would establish movants' liability. This court agrees that the present third party complaint does not meet the proper federal standard.

Federal Rule of Civil Procedure 8 specifies three requirements for the content of all pleadings, including complaints. At issue here is the second requirement: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The United States Supreme Court has interpreted this provision of Rule 8 to require that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v.*

*Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Pennsylvania Ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

■ Implicit in the Supreme Court's interpretation "is the notion that the [federal] rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented," however general. 5 Wright & Miller, § 1215 at 145. A simple averment that a plaintiff "wants relief and is entitled to it" is not sufficient. *Id.* While the complaint need not state with precision all elements giving rise to a legal basis for recovery, it should contain either direct or indirect allegations (from which inferences can be made) on every material point necessary to sustain recovery on any legal theory. *Id.,* § 1216 at 154, 159. In a complaint alleging negligence, there should be allegations indicating the existence of duty, breach, injury and damages. *Id.,* § 1249 at 315.

Admittedly, under Rule 8, a complaint need not be very detailed.[4] However, the third party complaint before the court contains no factual allegations at all. It clearly does not meet even the liberal standard of Rule 8.

■ The single paragraph of the third party complaint quoted earlier comprises the majority of the present complaint. There are no allegations presented regarding any incident, or the time, date, and location of Third Party Defendants' apparent breach. While Third Party Plaintiff has attached Plaintiffs' complaint to his own, and relies on it in his brief, the Plaintiffs' complaint is never incorporated by reference in the third party complaint. *See* Fed.R.Civ.P. 10(c).[5] If Third Party Plaintiff intends to rely on Plaintiffs' complaint, he must explicitly incorporate it by reference, providing, at a minimum, direct reference to specific paragraphs relied on. *See,*

---

**4.** *See* Fed.R.Civ.P. Appendix, Form 9 for a simple complaint in a two party accident. Even this three sentence complaint contains more detail than the third party complaint here. However, the court must stress that in a case with multiple defendants, as here, more detail will probably be needed than that provided in Form 9.

**5.** Rule 10(c) permits the incorporation of prior allegations by reference, both for the sake of convenience, and to encourage short and concise pleadings. 5 Wright & Miller, § 1326 at 755.

*e.g., Heintz & Co. v. Provident Tradesmens Bank & Trust Co.,* 29 F.R.D. 144, 145 (E.D.Pa.1961).

Furthermore, the third party complaint fails to give Third Party Defendants fair notice of the grounds upon which the complaint rests.[6] At present, the complaint is hardly more than a bare averment of liability; nowhere do any allegations appear to indicate just what Third Party Defendants did, or how Third Party Defendants fit in with Plaintiffs' complaint in the case-in-chief, which does not mention them. The court assumes that the Third Party Complaint is directed at a driver who is somehow involved in the accident prompting Plaintiffs' action; however, this is nowhere stated in the third party complaint.

If the Third Party Plaintiff chooses to submit an amended complaint he should meet the Rule 8 standards cited above. An appropriate order will be issued.

### ORDER

In accordance with the accompanying memorandum of law, IT IS HEREBY ORDERED THAT:

1. A ruling on the motion to dismiss of Third Party Defendants Swarthout and St. Johnsbury Trucking Co. is DEFERRED.

2. Third Party Plaintiff Menendez is offered an opportunity to submit an amended third party complaint. This amended complaint shall be a new document, able to stand on its own, without reference to the original third party complaint. It shall be drafted to address the inadequacies described in the foregoing memorandum of law.

3. Any amended third party complaint shall be submitted by Third Party Plaintiff Menendez on or before October 19, 1992.

4. If the amended third party complaint is not submitted by October 19, 1992, Third Party Defendants' motion to dismiss Menendez' third party complaint will be granted.

---

**6.** Note that Rule 8 requires a statement of the claim *showing* an entitlement to relief.