Pond v. Majercik                    CV-94-225-M    02/07/96

UNITED STATES DISTRICT COURT FOR THE
                DISTRICT OF NEW HAMPSHIRE


Patricia Pond, Individually and as
Administratrix of the Estate of Scott Pond,
     Plaintiff,

     v.                                    Civil No. 94-225-M

Donald A. Majercik, and Parker Aviation
Enterprises, Inc., Defendants, and
John McGrath, Executor of the
Estate of Mary Jane McGrath,
     Defendant and Third Party Plaintiff,

     v.

Nathan Pond, Gary Pond, William
Batesole, James Parker, Jr.,
Lebanon Riverside Rotary, an
Unincorporated Association, and
the United States of America,
     Third Party Defendants.


                         O R D E R


     In the underlying action, plaintiff, Patricia Pond ("Pond"),

filed suit against defendant, John McGrath, Executor of the

Estate of Mary Jane McGrath (the "McGrath Estate"), seeking

damages for the death of her husband, Scott Pond.  This court

exercised subject matter jurisdiction on the basis of diversity

of citizenship.  The McGrath Estate then impleaded Lebanon

Riverside Rotary ("Lebanon"), invoking Fed. R. Civ. P. 14 and

asserting, among other things, a state law cause of action for

contribution.  Lebanon now moves to dismiss the McGrath Estate's third-party contribution action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, Lebanon's motion to dismiss is granted.

## I.    DISCUSSION

Fed. R. Civ. P. 14 reads:  "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a . . . complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff."  Fed. R. Civ. P. 14(a).  Rule 14 does not create causes of action, it merely prescribes a method for bringing causes of action already recognized under applicable statutory or common law.  Toberman v. Copas, 800 F. Supp. 1239, 1241-42 (M.D. Pa. 1992).

The McGrath Estate's cause of action for contribution against Lebanon is premised on New Hampshire's statutorily created right of contribution.  N.H. Rev. Stat. Ann. ("RSA") § 507:7-f & g.  But, under RSA 507:7-f & g, a defendant may not, without the express consent of the plaintiff, maintain a cause of action for contribution against a third-party defendant prior to resolution of the plaintiff's principal action.  N.H. Rev. Stat. Ann. § 507:7-f(I) & g(IV)(c).  Lebanon moves to dismiss the

2

McGrath Estate's third-party contribution action because it fails to allege the necessary prerequisite of Pond's consent.

Resolution of Lebanon's motion to dismiss turns on the apparent conflict between Fed. R. Civ. P. 14 and RSA 507:7-f & g. Rule 14 allows a defendant to implead third parties without the consent of the plaintiff in the principal action. Section 507:7-f & g, on the other hand, restricts a defendant's ability to bring a contribution action before plaintiff's principal action is resolved to those circumstances in which the plaintiff in the principal action consents to the contribution action. Pond has not consented to the McGrath Estate's contribution action against Lebanon. Therefore, if Fed. R. Civ. P. 14 alone governs the propriety of bringing a contribution action premised on RSA 507:7-f & g in a federal diversity case, the McGrath Estate's complaint is properly before this court. But if the consent provision of RSA 507:7-g(IV)(c) governs here, Lebanon's motion to dismiss the McGrath Estate's contribution action must be granted.

This court recently addressed that precise issue in Connors v. Suburban Propane, No. C95-79-M (D.N.H. Jan. 26, 1996) (McAuliffe, J.). A copy of that order is attached. Connors presents a detailed discussion of the apparent conflict between Rule 14 and RSA 507:7-f & g, ultimately holding that the consent

3

provision of New Hampshire's contribution statute governs a defendant's ability to bring a third-party contribution action in a federal diversity case.  Borrowing heavily from Connors throughout, this order will briefly outline the reasons why the McGrath Estate's third-party claim for contribution must be dismissed for failure to state a claim upon which relief can be granted.

###    A.    Analytical Framework

When sitting in diversity, a federal court must apply the "substantive" law of the forum state according to the Federal Rules of Civil Procedure.  Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Commercial Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 772-73 (1st Cir. 1994).  When, however, a procedural rule contained in a state statute conflicts with a valid Federal Rule of Civil Procedure, the Federal Rule will preempt the state procedural requirement.  Hanna v. Plumer, 380 U.S. 460, 469-71 (1965); Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1134 (1st Cir. 1986).  Therefore, if the provisions of sections 507:7-f & g are "procedural" in nature, the statute's consent requirement is not applicable in this diversity suit, and the McGrath Estate may implead third-party defendants under Rule 14

4

without Pond's consent.  If, on the other hand, the consent requirement found in RSA 507:7-f & g is "substantive" in nature, it both applies in this diversity suit and directly conflicts with the plain language of Rule 14.

Where an applicable Federal Rule of Civil Procedure directly conflicts with a state rule of decision, the Rules Enabling Act, 28 U.S.C. § 2072, determines which rule governs.  Hanna, 380 U.S. at 463-64; Walker v. Armco Steel Corp., 446 U.S. 740, 750 n.9 (1980).  That is, Rule 14 will govern impleader for contribution if its application comports with the Rules Enabling Act, which reads:

> The Supreme Court shall have the power to prescribe general rules of practice and procedure . . . for cases in the United States district courts . . . .  Such rules shall not abridge, enlarge, or modify any substantive right.

28 U.S.C. § 2072 (emphasis added).  So, to the extent application of Rule 14 would not abridge, enlarge, or modify any substantive right enjoyed by the parties under applicable state law, the McGrath Estate may implead third-party contribution defendants pursuant to Rule 14 and, in effect, "accelerate" its right to contribution created by state statute.  If, on the other hand, application of Rule 14 would abridge, enlarge, or modify substantive rights created by the New Hampshire contribution

statute, the McGrath Estate may not utilize Rule 14 to implead Lebanon in derogation of state law.

**B.   <u>Erie</u> Analysis**

The first step in determining whether state law precludes the McGrath Estate from impleading Lebanon pursuant to Fed. R. Civ. P. 14 is to decide whether the consent provision of the state contribution statute applies at all in this diversity action.  If the provision is "substantive" it applies; if it is "procedural" it is displaced by Rule 14.  <u>Erie</u>, 304 U.S. at 78; <u>Commercial Union Ins.</u>, 41 F.3d at 772-73.  The twin policies underlying <u>Erie</u> - avoiding inequitable administration of the laws and discouraging forum shopping, <u>Hanna</u>, 380 U.S. at 468 - strongly militate in favor of applying the consent provision of RSA 507:7-g(IV)(c) in this case.  If the McGrath Estate were allowed to bring a contribution cause of action against Lebanon, the McGrath Estate's right to seek contribution would be accelerated, effectively providing the defendant a present cause of action that it would not possess in state court.  In addition, allowing a defendant to pursue a cause of action under state law in federal court that it could not pursue under state law in

state court would undoubtedly encourage forum shopping through the mechanism of removal in diversity cases.

The decision to apply section 507:7-g(IV)(c) in this diversity case is also consistent with prior rulings of this court, <u>Richards v. Pizza Time Partners</u>, No. C87-208-L, slip op. at 10 (D.N.H. Oct. 21, 1987) (Loughlin, J.) (holding that "this limitation placed upon a party's right to seek contribution is no less substantive than the provision allowing for contribution"); <u>Grant v. Thomsen Equip. Co.</u>, No. C89-478-L, slip op. at 4 (D.N.H. Nov. 30, 1990) (Loughlin, S.J.) (applying consent requirement of section 507:7-g(IV)(c) in diversity case), and of numerous other federal courts applying similar limits found in other state contribution statutes. <u>See</u>, <u>e.g.</u>, <u>Andrulonis v. United States</u>, 26 F.3d 1224, 1234 (2d Cir. 1994); <u>Ragusa v. Streator</u>, 95 F.R.D. 527, 528 (N.D. Ill. 1982); <u>Pinzer v. Wood</u>, 82 F.R.D. 607, 609 (E.D. Tenn. 1979); <u>Brooks v. Brown</u>, 307 F. Supp. 907, 908-09 (E.D. Va. 1969). Thus, both the policies motivating the <u>Erie</u> doctrine and applicable precedent strongly favor labelling the consent provision "substantive" and applying RSA 507:7-g(IV)(c) in this case.

## C.    Rules Enabling Act Analysis

The determination that section 507:7-g(IV)(c) applies here does not end the inquiry into the applicability of Fed. R. Civ. P. 14 to this action.  The Erie doctrine cannot operate to render inapplicable a Federal Rule of Civil Procedure.  Hanna, 380 U.S. at 470.  Rather, the Erie inquiry merely determines to which "substantive" law the Federal Rules of Civil Procedure will apply.  If, as here, the state law directly conflicts with the applicable Rule, the validity of the Rule turns on whether its application is consistent with the Rules Enabling Act.

As noted, that Act provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right."  28 U.S.C. § 2072; Hanna, 380 U.S. at 470-71; Stewart Org. v. Ricoh Corp., 487 U.S. 22, 27 n.5 (1988).  Whether Rule 14's charge that a defendant may implead any party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff," Fed. R. Civ. P. 14(a), does violence to substantive rights created by RSA 507:7-f & g depends, of course, on the nature of the rights created by the state statute.

When, as here, the principal action has not been resolved, RSA 507:7-f & g allows the defendant to bring a contribution

8

cause of action against a third-party defendant "if and only if the plaintiff in the principal action agrees." N.H. Rev. Stat. Ann. § 507:7-g(IV)(c). By conditioning the contribution cause of action in this way, RSA 507:7-g(IV)(c) grants the plaintiff in the principal action the substantive right to control which parties may join in the litigation of his or her claim. D'Onofrio Constr. Co. v. Recon Co., 255 F.2d 904, 906 (1st Cir. 1958) ("Rule 14 cannot be used when the injured party has chosen to sue only one of the tortfeasors severally."); 3 James W. Moore et al., Moore's Federal Practice ¶ 14.11 (2d ed. 1995); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1448 (1990) ("[T]he law is said to allow plaintiff to choose defendants and give plaintiff the right to sue less than all of the tortfeasors against whom he might have a valid claim."). Unless or until Pond expressly consents to the McGrath Estate's third-party contribution action against Lebanon, Pond has exercised that substantive right. And to allow the McGrath Estate to implead Lebanon without Pond's consent would necessarily abridge Pond's substantive right to exclude Lebanon as a third-party contribution defendant. Because its application would violate the Rules Enabling Act, Rule 14 may not be used to

9

bring a third-party contribution action premised on RSA 507:7-f & g.

The McGrath Estate argues that the preceding argument loses its force when, as here, the third-party plaintiff has also impleaded the third-party defendant on other claims not subject to the consent requirement contained in the contribution statute. Dismissing only the contribution claim, the McGrath Estate correctly points out, will not remove Lebanon from this suit; the McGrath Estate's other third-party claims against Lebanon survive. This fact does mean that dismissal now may necessitate a subsequent, and therefore "inefficient", contribution suit between the McGrath Estate and Lebanon. It does not, however, affect the conclusion that application of Rule 14 would violate the Rules Enabling Act. Nor does it alter the important federalism and separation of powers concerns embodied in the Erie rule and the Rules Enabling Act. Thus, Lebanon's motion to dismiss the McGrath Estate's contribution claim must be granted.

## II.  CONCLUSION

The McGrath Estate cannot invoke Fed. R. Civ. P. 14, without Pond's consent, to bring a contribution action premised on N.H. Rev. Stat. Ann. § 507:7-f & g against Lebanon in this diversity

10

action, because impleading a third-party contribution defendant would violate the Rules Enabling Act by abridging Pond's substantive rights under applicable state law. Accordingly, Lebanon's motion to dismiss the McGrath Estate's contribution action (document no. 82) is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

February 7, 1996

cc: Michael G. Gfroerer, Esq.
    Jeffrey B. Osburn, Esq.
    David B. Kaplan, Esq.
    Garry R. Lane, Esq.
    Charles W. Grau, Esq.
    Mark Scribner, Esq.
    David H. Bradley, Esq.
    Douglas J. Miller, Esq.
    Michael G. McQuillen, Esq.
    Richard B. Couser, Esq.
    Ronald L. Snow, Esq.
    James C. Wheat, Esq.