**UNITED NATIONAL INSURANCE COMPANY, et al.**

v.

**INDIAN HARBOR INSURANCE COMPANY.**

**Civil Action No. 14–6425.**

United States District Court,
E.D. Pennsylvania.

Signed March 6, 2015.

Gale White, Anthony L. Miscioscia, White & Williams, Philadelphia, PA, for United National Insurance Company.

Cara Tseng Duffield, David H. Topol, Karen L. Toto, Wiley Rein LLP, Washington, DC, Jason P. Gosselin, Drinker Biddle & Reath LLP, Philadelphia, PA, for Indian Harbor Insurance Company.

### MEMORANDUM

BARTLE III, District Judge.

Before the court is the motion of third-party defendant Diamond State Insurance Company ("Diamond State") to dismiss the third-party complaint which defendant Indian Harbor Insurance Company ("Indian Harbor") has filed against it.

Plaintiffs United National Insurance Company ("UNIC") and Penn–America Insurance Company ("Penn–America") have sued Indian Harbor, their professional liability insurer, for declaratory relief and breach of contract, among other claims, in connection with bad-faith disputes involving three underlying lawsuits, styled the "Peccadillo's action," the "Jackson action," and the "Port LA action." In essence, plaintiffs assert that Indian Harbor owed them coverage, including defense costs, in connection with these actions in which plaintiffs' insureds alleged improper claims handling. The court has since grant-

ed Indian Harbor's motion for judgment on the pleadings against United National insofar as the complaint relates to the Port LA Action.

Indian Harbor has filed not only a counterclaim against plaintiffs but also a third-party complaint against Diamond State, which Indian Harbor had insured for professional liability under the same policies insuring plaintiffs. Specifically, Indian Harbor alleges that it paid Diamond State $4,542,706.88 for a loss sustained as a result of an underlying claim styled the "Miller action." It asserts on "information and belief" that plaintiffs and Diamond State have been unjustly enriched by payments, including reinsurance, for some or all of the money Diamond State has recovered from Indian Harbor for the Miller action. It also seeks a declaratory judgment against plaintiffs and Diamond State.

Diamond State first argues that it is not a proper third-party defendant under Rule 14(a) of the Federal Rules of Civil Procedure. That rule provides in relevant part that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Whether such liability against a third-party defendant exists or may exist, of course, depends on the relevant substantive law.

In their complaint, as noted above, plaintiffs seek damages and other relief against Indian Harbor in connection with the Peccadillo's action and the Jackson action. Plaintiffs do not seek any relief involving the Miller action and make no mention of it or Diamond State.

Rule 14(a) allows a defendant, as a third-party plaintiff, to bring in a third-party defendant only where the defendant alleges that its liability to the plaintiff is secondary or derivative of the liability of the third-party defendant. Such secondary or derivative liability exists, for example, where there is an indemnity agreement in favor of the defendant or indemnity is implied in law. *See Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951). Rule 14(a) also permits a claim of a defendant against a third-party defendant where the third-party defendant

owes or may owe the defendant contribution as a joint tortfeasor as a result of the defendant's liability to the plaintiff. *Anderson v. Dreibelbis,* 104 F.R.D. 415 (E.D.Pa.1984); *Barab v. Menford,* 98 F.R.D. 455 (E.D.Pa. 1983). A third-party complaint fails, however, where it pleads that the third-party defendant is solely liable to the plaintiff since it does not allege that the third-party defendant "is or may be liable to it [the defendant] for all or part of the claim against it." *Tesch v. United States,* 546 F.Supp. 526 (E.D.Pa. 1982).

■ Here, there is no allegation that Indian Harbor's liability to plaintiffs is secondary to or derivative of any liability of Diamond State to the plaintiffs. Nor does Indian Harbor allege that Diamond State is a joint tortfeasor. In sum, Indian Harbor's third-party complaint simply seeks recovery of money it paid to Diamond State in connection with the Miller action, an action which is not the subject of plaintiffs' complaint. Indian Harbor does not cite any Pennsylvania or other relevant substantive law that would fit its third-party claim against Diamond State within the framework of Rule 14(a).

■ In its brief in opposition to the motion to dismiss, Indian Harbor makes no attempt to challenge this analysis. Instead, Indian Harbor falls back on the argument that it has in reality filed a counterclaim, not a third-party complaint, against Diamond State and that the court should not be concerned with the nomenclature. In making this argument, Indian Harbor relies on Rule 13(h) and Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Rule 20(a)(2) reads:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

The crucial question under Rule 20(a)(2)(A) is whether the relief Indian Harbor seeks against Diamond State is "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" involving counterclaim defendants UNIC and Penn–America. Clearly, the Miller action, on which the claim against Diamond State is based, does not arise out of the same transaction or occurrence as the Peccadillo's or the Jackson action. Nor is there anything in the pleadings alleging that these three lawsuits or the claims or payments made in connection with them arise out of the same series of transactions or occurrences. Each of these matters was a separate lawsuit involving different parties and distinct sets of facts.[1]

The fact that plaintiffs and Diamond State are all insured by Indian Harbor under the same policies does not satisfy the relatedness requirement of Rule 20(a)(2)(A). The circumstances here are no different, for example, than the situation where a parent driver and a child driver are insured under the same automobile insurance policy. Each has an accident on a different day and at a different place, and each accident results in a lawsuit. Those lawsuits, like the underlying lawsuits here, could never be deemed to arise out of the same transaction, occurrence, or series of transactions or occurrences.

Indian Harbor, passing over Rule 20(a)(2)(A), simply relies on the existence of common questions of law under Rule 20(a)(2)(B). This is insufficient. The demands of both Rule 20(a)(2)(A) and (B) must be met. Thus, joinder of Diamond State as a defendant in Indian Harbor's counterclaim is improper under Rules 13(h) and 20(a)(2).

Since we are dismissing Diamond State as improperly joined as a party, we need not reach the other arguments it raises in support of its motion to dismiss.

---

1. The complaint identifies the situs of the Peccadillo's action as Erie County, Pennsylvania and that of the Jackson action as McCracken County, Kentucky. The location of the Miller action is not identified in the third-party complaint.

*ORDER*

AND NOW, this 6th day of March, 2015, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of third-party defendant Diamond State Insurance Company to dismiss the third-party complaint of third-party plaintiff Indian Harbor Insurance Company (Doc. # 37) is GRANTED.