J. H. HILL *v.* R. C. RINGGOLD

(No. 7179)

Submitted May 24, 1932.   Decided May 31, 1932.

*Geo. M. Beltzhoover, Jr.,* for plaintiff in error.
*Martin & Seibert,* for defendant in error.

HATCHER, PRESIDENT:

This action involves the effect on the statute of limitations. of a new promise in writing by defendant to pay a stale account. The trial court held the promise ineffective and plaintiff secured a writ of error.

Plaintiff mailed defendant the following statement of the account on November 28, 1927: "To amount of bill rendered $952.26. Please remit." The defendant replied on the statement itself: "If you will send me an itemized bill I will pay it promptly. (Signed) R. C. Ringgold." An. itemized statement was mailed to defendant by plaintiff on July 6, 1928. This delay is not explained but is immaterial,. as defendant had not withdrawn his promise to pay in the interim. 37 C. J., subject, Limitation of Actions, sec. 598. He did. not pay the statement and this action followed.

The defendant takes the position now that his promise was, not to pay "whatever kind of an itemized bill was presented" but "to pay if the itemized bill was right, not otherwise"; and he contends that the promise was therefore conditional. and not sufficient to remove the bar of the statute.

The authorities are not harmonious as to the precision required of a new promise. Even the decisions of our own court are at variance. *Abrahams* v. *Swann*, 18 W. Va. 274, held that failure to specify the amount of the debt did not render the promise equivocal. That decision followed *Bell* v. *Crawford*, 8 Gratt. (Va.) 110, 117, stating (pp. 280-1) that it was sustained by the authorities. *Quarrier's Admr.* v. *Quarrier's Heirs*, 36 W. Va. 310, 15 S. E. 156, conceded that a new promise was sufficient if it referred to "a balance which admits of ready and certain ascertainment." But *Stiles* v. *Laurel Co.*, 47 W. Va. 838, 35 S. E. 986, ignored the above cases and held that to be effective the new promise must mention "a precise sum." Our research does not disclose that either of the above cases has been followed closely in a subsequent decision on the exact point specified. *Milling Co.* v. *Ry. Co.*, 142 Minn. 181, 185, 8 A. L. R., 1254, 1257, holding, "It is not necessary that the new promise should state the amount of the debt", cites *Abrahams* v. *Swann*. So, like the prophet of old, *Abrahams* v. *Swann* is not without honor save in its own country.

The statute in Virginia relating to a new promise is similar to ours, and the supreme court of that state has remained loyal to *Bell* v. *Crawford*. See *Coles' Ex'r.* v. *Martin*, 99 Va. 223, 232. In other states with statutes similar to ours, the courts have held as the Virginia court holds and as this court did in *Abrahams* v. *Swann* and *Quarrier's Admr.* v. *Quarrier's Heirs*. See *Shaffer's Estate*, 228 Pa. 36; *Schmidt* v. *Pfau*, 114 Ill. 494; *Bank* v. *Woodman*, 93 Iowa 668; *Kincaid* v. *Archibald*, 73 N. Y. 189, 192-3. Had our legislature intended the precision specified in *Stiles* v. *Laurel Co.*, it is remarkable that the statute would not in some way reflect that intention. Yet, as the Virginia court has observed in *Robinson* v. *Bass*, 100 Va. 190, 196, the only express condition imposed by the statute on the debtor is that the new promise shall be in writing and signed by him or his agent. A like observation is made by the New York court in *Kincaid* v. *Archibald, supra*. When one opens an account and promises (actually or impliedly) to pay whenever a state-

ment is presented, he has in mind neither the exact amount he will pay nor the intention to pay an incorrect statement. This does not make his promise conditional and he is bound to pay the correct balance. No reason appears for greater precision in a new than in an original promise. In either event, it should suffice that the promise to pay is itself unequivocal, and the sum to be paid "admits of ready and certain ascertainment." The promise to pay herein is in writing, is positive, and the correct balance on the itemized bill can readily be made certain. Therefore, we are of opinion that the new promise revived the original obligation.

The judgment of the circuit court is accordingly reversed and a new trial awarded the plaintiff.

*Reversed and remanded.*