23578

William E. FIELDS and Martha L. Fields, Respondents v. YARBOROUGH FORD, INC., Appellant.

(414 S.E. (2d) 164)

Supreme Court

———

*Harold P. Threlkeld,* Anderson, *for appellant.*

*Edgar H. Long,* Anderson, *for respondents.*

Heard April 3, 1991.

Decided Feb. 10, 1992.

TOAL, Justice:

This appeal involves an action for unfair trade practices arising out of the sale of a pickup truck. The jury returned a verdict in favor of respondents, the Fields. Appellant Yarborough Ford contends that the trial judge erred in refusing to grant its motion for judgment notwithstanding the verdict because the Fields did not suffer any actual damages. We agree and, therefore, reverse.

## FACTS

In July of 1988, the Fields went to Yarborough Ford to shop for a crew cab pickup truck to pull a mobile camper. Mr. Fields told the salesman that he wanted a pickup truck with a 351 cubic inch engine and a 355 rear end, automatic transmission, and certain other options. Yarborough Ford did not have a truck meeting these specifications in stock, but agreed to locate one for Mr. Fields. On July 8, 1988, the salesman called the Fields and told them he had found a truck meeting their specifications. On July 9, 1988, the Fields entered into an installment sales contract with Yarborough Ford in which they agreed to purchase the truck for $22,500.00.

Approximately one month after purchasing the truck, Mr. Fields learned that the truck did not have a 351 c.i. engine as he had requested, but instead contained a 460 c.i. engine. However, Mr. Fields did not complain to Yarborough Ford and continued to drive the truck.

Three months later, in November of 1988, the Fields turned the truck in to the dealer because they could no longer "afford to travel in the truck because it got such atrocious gas mileage." Ford Motor Credit Company, the assignee of the installment sales contract, sold the truck at a loss of $5,837.30 and instituted this action against the Fields for the deficiency. The Fields then brought suit as third party plaintiffs against the Fields for the deficiency. The Fields then brought suit as third party plaintiffs against Yarborough Ford for fraud, breach of contract accompanied by a fraudulent act, and unfair trade practices, alleging that Yarborough Ford had willfully deceived them by representing that the truck conformed to Mr. Fields' specifications.

During the trial, Yarborough Ford made a motion for directed verdict on the grounds that the evidence did not

support the causes of action, and that the Fields failed to prove any damages. Yarborough Ford also moved to strike all damages claimed by the Fields on the ground that the damages were not recoverable under the causes of action alleged in the third party complaint. The trial judge denied these motions. Ford Motor Credit Company also moved for a directed verdict, which was granted in the amount of $5,837.30. All three causes of action were submitted to the jury.

The jury found for Yarborough Ford on the causes of action for fraud and breach of contract accompanied by a fraudulent act. The jury found for the Fields on the unfair trade practices cause of action and awarded them $5,075.91. In accordance with S.C. Code Ann. § 39-5-140 (1976), the trial judge trebled the damages to $15,227.27. After the verdict, Yarborough Ford moved for a judgment *non obstante veredicto*, a new trial, and a new trial *nisi* on the ground that the verdict was not supported by the evidence. The trial judge denied these motions.

## DISCUSSION

Yarborough Ford argues that the trial judge erred in refusing to grant its motion for j.n.o.v. because the Fields failed to prove that they suffered any actual damages as a result of the violation of the Unfair Trade Practices Act (UTPA).[1] We agree.

Under the UTPA, "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice" may recover "actual damages." S.C. Code Ann. § 39-5-140 (1976). The Fields contend that as a result of the deceptive act of misrepresenting a 460 c.i. engine to be a 351 c.i. engine, they are entitled to recover the following damages: (1) $3,064.61, representing the value of a van traded in for the truck; (2) $55.00 for the additional amount of gasoline the truck used because it contained a bigger engine; (3) $150.00 for accessories added to the truck; (4) $1,318.71 for the three installment payments made on the truck.

---

[1] S.C. Code Ann. §§ 39-5-10 through 160 (1976).

However, the Fields misconstrue the nature of their action. A plaintiff induced to enter a contract by fraud must elect between two remedies: he can elect to affirm the contract and bring an action to recover damages sustained by reason of the fraud or, alternatively, he may elect to rescind the contract and recover the consideration paid plus incidental damages which were foreseeable and were incurred in reliance on the fraudulent misrepresentation. *Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.*, 279 S.C. 468, 473, 309 S.E. (2d) 763, 766 (Ct. App. 1983); *see also Turner v. Carey*, 227 S.C. 298, 305, 87 S.E. (2d) 871, 874 (1955).

It is clear from the facts and testimony presented below that the Fields elected to affirm the contract and seek damages for the deceptive act. When a party elects to affirm the contract and seek damages based on a misrepresentation, the measure of general damages is the difference between the value the plaintiff would have received if the facts had been as represented and the value he actually received. *Baeza*, 279 S.C. at 473, 309 S.E. (2d) at 766. The plaintiff is also entitled to recover any special or consequential loss which is the natural and proximate result of the misrepresentation. *Id.* Here, the unfair or deceptive act of misrepresenting a 460 c.i. engine to be a 351 c.i. engine did not cause the Fields to suffer any actual damages because, as Mr. Fields himself acknowledged, a truck with a 460 c.i. engine is actually more valuable than a truck with a 351 c.i. engine.[2]

The other damages claimed by the Fields, the value of the trade-in, the cost of the accessories, and the installment payments, did not proximately result from the deceptive act. Instead, these losses resulted from the Fields own conduct in keeping the truck after they knew it did not have the engine they wanted and in returning the truck to the dealer because they could not afford it. These expenses

---

[2] The only damages the Fields could have recovered as a result of the deceptive act would have been the additional amount of gasoline which the truck used because it contained a bigger engine. However, the evidence on this point was purely speculative. Mr. Fields estimated that he had spent an additional $55.00 on gasoline because the truck had a bigger engine. However, Mr. Fields admitted that he did not actually know if the truck got worse gas mileage than a truck with a 351 c.i. engine and that he merely assumed that the 460 c.i. engine got less gas mileage.

would have been recoverable only if the Fields had returned the truck because they elected to rescind the contract. However, the Fields do not contend that they returned the truck in an effort to rescind. The counterclaim makes no mention of a demand for rescission and there was no evidence of rescission presented at trial. The trial judge specifically determined that the Fields had elected to sue in tort, affirm the contract, and bring an action for damages and that the Fields had not elected to rescind. The Fields did not object to this finding. Furthermore, the trial judge charged the jury that the Fields had elected to affirm the contract and to seek damages and that the measure of damages was the difference between the value that the Fields would have received if the facts had been as actually represented and the value that they actually received. The Fields consented to this charge.

Thus, it is clear that the Fields elected to affirm the contract and seek damages resulting from the fraud. Consequently, they are not entitled to recover the consideration paid (the value of the trade-in and the installment payments) plus incidental damages (the cost of the accessories), because these are damages awarded to a plaintiff who elects to rescind. The "two remedies [an action for damages and an action for rescission] are inconsistent, the one being based on the continued existence of the sale, the other on its abrogation, and the purchaser cannot in the one form of action secure the relief appropriate to the other." *Turner*, 227 S.C. at 305, 87 S.E. (2d) at 874.

In sum, we hold that the Fields have failed to prove that they suffered any actual damages as a result of the deceptive act. Accordingly, the trial judge erred in refusing to grant Yarborough Ford's motion for j.n.o.v. Because we reverse on this ground, we need not address Yarborough Ford's remaining exceptions.

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.