Drew A. LAUGHLIN, Plaintiff,

v.

**DELL FINANCIAL SERVICES, L.P.** d/b/ Dell Financial Services; Equifax, Inc.; and Equifax Information Services, LLC., Defendants.

**C.A. No. 9:06–cv–2178–PMD.**

United States District Court, D. South Carolina, Beaufort Division.

Dec. 1, 2006.

---

**6.** Pl. Response in Opp. to Mot. to Dismiss, Ex. D.

John Rhett Crosswell Bowen, Laughlin and Bowen, Hilton Head Island, SC, for Plaintiff.

Benjamin Rush Smith, III, Thad H. Westbrook, Alana Odom Williams, Nelson Mullins Riley and Scarborough, Columbia, SC, Bernie W. Ellis, McNair Law Firm, Greenville, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Defendant Dell Financial Services, L.P.'s ("DFS") Motion to Amend its Answer pursuant to Rule 14(a) and 15(a) of the Federal Rules of Civil Procedure. Plaintiff Drew Laughlin ("Plaintiff") opposes this Motion. For the following reasons, the court denies DFS's Motion.

## BACKGROUND

In relevant part, the facts of this case as alleged in the Complaint are as follows:

On or about 2005, Plaintiff became aware that DFS had reported to Equifax that Plaintiff was seriously delinquent in the payment of an account for equipment purchased from Dell. Plaintiff contacted DFS and Equifax to dispute this information, as, to the best of his knowledge, Plaintiff had never been delinquent on any account with DFS. Despite Plaintiff's numerous attempts through calls and letters to rectify the situation, DFS continued to report that Plaintiff was seriously delinquent. Further, DFS refused to supply any verification of the alleged debt as requested by Plaintiff. On information and belief, DFS also referred this matter to its agents in outside collection agencies who began to call Plaintiff in an attempt to collect a debt which Dell and DFS allegedly knew was not the debt of Plaintiff.

Thereafter, Plaintiff brought this action against Equifax for negligent noncompliance with 15 U.S.C. § 1681, and against DFS for defamation, negligence, and unfair trade practices as prohibited by 15 U.S.C. § 41, et seq. DFS's original Answer generally denied the material allegations of the Complaint and set forth affirmative defenses. Since filing this Answer, DFS has gathered information giving it reason to believe that Plaintiff's son, Philip Laughlin, opened the account with DFS using Plaintiff's social security number without Plaintiff's consent. Due to his alleged conduct, DFS claims that Philip Laughlin may be liable to DFS for all or part of Plaintiff's claim against DFS. As such, DFS seeks leave to amend its Answer to include these allegations and also to serve a third-party complaint against Philip Laughlin, as a third-party defendant, for the following causes of action: (1) breach of contract; (2) fraudulent inducement; (3) fraud and misrepresentation; and (4) negligent misrepresentation.

## DISCUSSION

■ Rule 14 of the Federal Rules of Civil Procedure provides that at any time after commencement of the action[1] a defendant, "as a third-party plaintiff," may bring an action upon a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of plaintiff's claim." Fed.R.Civ.P. 14(a). This rule is to be "liberally construed" in order to achieve its purpose of "accomplish[ing] in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Deutsche Bank National Trust Co. v. Tyner*, 233 F.R.D. 460, 462 (D.S.C. 2006).

---

1. "The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than ten days after serving the original answer. Otherwise, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." Fed.R.Civ.P. 14(a).

■ The third-party statute does not contemplate an institution of a new cause of action against a third-party defendant in which the third-party defendant is liable to the defendant on a cause of action independent of the original cause of action; rather, the statute intends that the third-party defendant be liable to the defendant for such damages for which the defendant may be liable to the plaintiff. *See West Point–Pepperell, Inc. v. Bradshaw,* 377 F.Supp. 154, 159 (D.C.Ala.1974). As such, a third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff. *Scott v. PPG Indus. Inc.,* 920 F.2d 927, 1990 WL 200655, *3 (4th Cir. 1990). Black's Law Dictionary defines derivative liability as "liability for a wrong that a person other than the one wronged has a right to redress." *Black's Law Dictionary* 926 (7th ed.1999). Secondary liability is defined as "liability that does not arise unless the primarily liable party fails to honor its obligation." *Id.* As a Virginia district court explained in *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assoc., Inc.,* 117 F.R.D. 576 (E.D.Va.1987), a third-party claim is only viable "where a proposed third-party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third-party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'" 117 F.R.D. at 578; *see Tyner,* 233 F.R.D. at 463.

■ In order to prevail on its Motion for leave to serve a third-party complaint, DFS must show that if it is ultimately found liable in this action, that is, that it defamed and was negligent towards Plaintiff and violated the Unfair Trade Practices Act, that it in turn would be entitled to indemnity or contribution from the proposed third party. In other words, to be proper, the third-party complaint in this case must allege that Philip Laughlin's liability to DFS is dependent on the outcome of Plaintiff's claim against DFS or that Philip Laughlin is secondarily liable to DFS.

■ In this case, DFS's third-party complaint against third-party defendant, Philip Laughlin, alleges various claims including breach of contract, fraudulent inducement, fraud and misrepresentation, and negligent misrepresentation. None of these causes of action, however, implicate Philip Laughlin as directly or secondarily liable to DFS for its potential liability to Plaintiff. Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. To the extent the third-party complaint seeks relief on account of Philip Laughlin's fraudulent or negligent use of his father's social security number to induce DFS to extend credit to him, such relief is available regardless of the outcome of the claims asserted by Plaintiff against DFS.[2] As such, it does not set

---

**2.** Under South Carolina law, a plaintiff induced to enter a contract by fraud or misrepresentation must elect between two remedies. He can elect to affirm the contract and bring an action seeking his expectancy damages to recover the difference between the value the plaintiff would have received if the facts had been as represented and the value he actually received, as well as any special or consequential losses which are the natural and proxi-

mate result of the misrepresentation. *Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.,* 279 S.C. 468, 473, 309 S.E.2d 763, 766 (Ct.App.1983). Alternatively, the defrauded plaintiff may elect to rescind the contract and recover the consideration paid plus incidental damages which were foreseeable and were incurred in reliance on the fraudulent misrepresentation. *Fields v. Yarborough Ford, Inc.,* 307 S.C. 207, 211, 414 S.E.2d 164, 166 (S.C.

forth proper grounds for a third party claim under Fed.R.Civ.P. 14(a). Similarly, DFS's third-party claim alleging breach of contract on account of Philip Laughlin's failure to honor the loan contract as promised is also a separate and independent action from Plaintiff's causes of action against DFS. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim. *U.S. v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.1987), *certiorari denied* 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir. 1967); *United States v. Mullins*, 228 F.Supp. 748 (W.D.Va.1964).

DFS simply has failed to state any legal or factual grounds under which Philip Laughlin would be liable for indemnification, subrogation, contribution, express or implied warranty, or any other theory that would support a third-party action under Rule 14. Whether DFS is entitled to any relief on its claims against Philip Laughlin is wholly independent of whether DFS is liable to Plaintiff for defamation, negligence, and unfair trade practices. Therefore, DFS has failed to state any appropriate grounds for maintaining a third-party complaint against Philip Laughlin in this litigation.

1992); *Baeza*, 279 S.C. at 473, 309 S.E.2d at 766; *see also Turner v. Carey*, 227 S.C. 298, 305, 87 S.E.2d 871, 874 (1955). Regardless of which remedy a plaintiff chooses to elect, he is entitled only to those damages which are the *proximate and foreseeable result of the defendant's fraud.*

In this case, DFS's potential liability to Plaintiff is not the proximate and foreseeable result of Philip Laughlin's fraud. Instead, this liability will result, if at all, from DFS's own conduct in negligently failing to investigate Plaintiff's claim and/or in publishing false credit information after knowing or recklessly disregarding that such information was false. If, by reason of the intervening

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Dell Financial Services, LP's Motion to Amend its Answer to assert a third-party complaint against Philip Laughlin pursuant to Rule 14 of the Federal Rules of Civil Procedure is hereby **DENIED.**

**AND IT IS SO ORDERED.**

bad acts of Philip Laughlin, DFS was not negligent in investigating and/or reasonably published the information in the credit report, then DFS has a defense to Plaintiff's claims. However, if DFS did act with the requisite intent and/or recklessness, then Philip Laughlin's acts did not *cause* DFS to behave tortiously toward Plaintiff. As such, because the damages DFS may have to pay to Plaintiff are not the proximate, foreseeable result of Philip Laughlin's conduct, DFS may not recover this amount as damages in its suit against Philip Laughlin. For this reason, the damages DFS may recover from Philip Laughlin are unaffected by the outcome of the suit between Plaintiff and DFS.