# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0993
_____

FILED

**November 9, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BRAXTON LUMBER CO., INC.,
Petitioner

v.

LLOYD'S INC.,
Respondent

_____

Appeal from the Circuit Court of Braxton County
The Honorable Richard A. Facemire, Judge
Civil Action No. 07-C-121

**AFFIRMED**

_____

Submitted: November 1, 2016
Filed: November 9, 2016

Steven L. Thomas, Esq.
Charles W. Pace, Jr., Esq.
Kay Casto & Chaney PLLC
Charleston, West Virginia
Counsel for the Petitioner

Debra T. Varner, Esq.
Richard R. Marsh, Esq.
Michael P. Gruber, Esq.
McNeer, Highland, McMunn and
Varner, L.C.
Clarksburg, West Virginia
Counsel for the Respondent

CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      A third-party complaint filed pursuant to Rule 14(a) of the West Virginia Rules of Civil Procedure is proper only when the party to be joined is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim(s) against the third-party plaintiff.  A third-party complaint is not proper merely because it arises from the same transaction or occurrence that is the subject matter of the original plaintiff's complaint against the defendant.

2.      "The provisions of Section 8, Article 2, Chapter 55, Code, 1931, expressly require a signed writing to constitute a new promise or an acknowledgment from which such promise may be implied and that such promise or acknowledgment be incorporated in a writing signed by the promisor or his agent; and to remove an account from the . . . statute of limitations . . . , there must be an express promise to pay or, if there be a mere acknowledgment, it must be unqualified, without condition, importing liability and willingness to pay without reference to a future settlement, and it must be determinate and unequivocal so as to be tantamount to an express promise to pay."  Syl. Pt. 1, in part, *Preston Cnty. Coke Co. v. Preston Cnty. Light & Power Co.*, 146 W.Va. 231, 119 S.E.2d 420 (1961).

3.      "Mere entries by a party in his own book of accounts will not operate as an acknowledgment, to take a demand out of the statute of limitations."  Syl. Pt. 5, *Stiles v. Laurel Fork Oil & Coal Co*, 47 W.Va. 838, 35 S.E. 986 (1900).

**Chief Justice Ketchum:**

This appeal presents a simple statute of limitations question: Is a lawsuit seeking judgment on a promissory note, which became due in 1999, time-barred by the applicable six-year statute of limitations[1] when the lawsuit was not filed until 2007?

The petitioner and plaintiff below, Braxton Lumber Company, Inc., (Braxton Lumber) did not file its lawsuit within six years of the due date on a promissory note owed to it. However, Braxton Lumber asserts its lawsuit was not time-barred because tolling provisions in two West Virginia statutes extended the time in which it could have filed its lawsuit. The first tolling provision pertains to third-party claims which may be asserted in a pending civil action. The other tolling provision applies to new written promises to pay a debt after it has become due.

The Circuit Court of Braxton County found that neither of these tolling provisions applies to this case. Accordingly, it dismissed Braxton Lumber's lawsuit on the promissory note.

Upon review, we agree that neither of the tolling provisions relied upon by Braxton Lumber tolls the six-year statute of limitations on its lawsuit. Thus, we affirm the circuit court's dismissal of Braxton Lumber's lawsuit against the respondent and defendant below, Lloyd's, Inc.

---

[1] Under West Virginia Code Section 46-3-118(a) [1993], "an action to enforce the obligation of a party to pay a [promissory] note . . . must be commenced within six years after the due date or dates stated in the note[.]"

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

There have been long-standing legal and business disputes between members of the Lloyd family in Braxton County, West Virginia. This case revolves around two brothers (Chuck Lloyd and Greg Lloyd) and their father (Charles Lloyd). In the years leading up to the dispute giving rise to this case, they operated multiple businesses, including Braxton Lumber and Lloyd's, Inc. During this time, Chuck, Greg, and Charles served as Braxton Lumber's board of directors. Separately, Greg owns a hardware store, Lloyd's, Inc. In operating Braxton Lumber, Chuck, Greg, and Charles made business decisions in an informal manner through their daily interactions. As a result, Braxton Lumber; Chuck, Greg, and Charles individually; and Lloyd's, Inc., have been embroiled in litigation since 2004, resulting in not only this appeal, but also a related dispute which formed the basis of our opinion in *Lloyd's Inc. v. Lloyd*, 225 W.Va. 377, 693 S.E.2d 431 (2010).

From 1996 to 1998, Braxton Lumber made a series of loans to Lloyd's, Inc. Sparse records exist as to when these loans were made, the amount of these loans, or any other loan terms. Central to this appeal is a promissory note, which was issued in January 1998 that states, in part: "LLOYD'S INC., . . . promises to pay . . . BRAXTON LUMBER CO., INC., . . . the sum of . . . ($564,000.00) on or before one year after date [January 1, 1999], bearing five percent (5%) interest per annum."

Also in 1998, Charles, as chairman of Braxton Lumber, assigned the promissory note to its two shareholders, Chuck and Greg, in proportion to their

2

ownership in Braxton Lumber's stock. Chuck owns 68% of Braxton Lumber's stock, so he was assigned 68% of the promissory note. Greg was assigned the remaining 32% of the promissory note as owner of Braxton Lumber's remaining shares.

In later litigation, the circuit court found that Braxton Lumber's assignment did not transfer the promissory note's legal title to Chuck because the entire promissory note was not assigned to him. The circuit court's finding was based on West Virginia Code Section 46-3-203(d), which provides "[i]f a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur." Thus, according to the circuit court, Braxton Lumber retained the promissory note's legal title, while Chuck held equitable title to 68% of the promissory note.

In 2004, Greg filed claims against Chuck and Charles for civil conspiracy and against Braxton Lumber for waste, conversion, self-dealing, and insider trading regarding the corporation's assets. In response, Chuck filed a third-party complaint[2] against Lloyd's, Inc., seeking payment on his 68% of the $564,000.00 promissory note, plus interest, which was $408,000.00.[3] Chuck's claim in the 2004 lawsuit was resolved

---

[2] West Virginia Rule of Civil Procedure 14(a) allows a defendant to file a third-party complaint against an individual "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Our reference to the circuit court's decision to allow Chuck to file a third-party complaint against Lloyd's, Inc. does not, in any way, condone the circuit court's decision on that matter. The record provides no indication that Lloyd's, Inc. may be liable for all or part of Greg's claim set out in his complaint.

[3] However, Comment 5 to West Virginia Code Section 46-3-203(d) provides that: "The cause of action on an instrument [*e.g.*, a promissory note] cannot be split."

on April 4, 2007, with a jury verdict finding that Chuck was not entitled to judgment against Lloyd's, Inc. on the promissory note. The jury also rejected all of Greg's claims against Braxton Lumber, Chuck, and Charles.

On December 26, 2007, eight months after the jury's April 4, 2007, verdict, Braxton Lumber filed this lawsuit against Lloyd's, Inc. In this suit, Braxton Lumber asserted that Lloyd's, Inc. owed it the entire $564,000.00 on the promissory note, plus interest.

On September 9, 2015, after the parties had conducted discovery and presented evidence, the circuit court dismissed Braxton Lumber's lawsuit on the following three grounds: (1) the statute of limitations expired on Braxton Lumber's lawsuit; (2) *res judicata*; and (3) collateral estoppel. Braxton Lumber now appeals the circuit court's September 9, 2015, dismissal of its lawsuit against Lloyd's, Inc. seeking payment on the promissory note to this Court.

## II.
## STANDARD OF REVIEW

The circuit court summarily disposed of Braxton Lumber's 2007 lawsuit in two substantially identical orders. In one order, the circuit court granted Lloyd's, Inc.'s motion to dismiss Braxton Lumber's lawsuit. In the other order, the circuit court granted Lloyd's, Inc.'s motion for summary judgment on the same grounds. Because these orders were based on the same grounds, entered on the same date, pertained to the same parties, and had the same effect, *i.e.*, dismissal of Braxton Lumber's 2007 lawsuit, we treat these

4

two orders as one order for purposes of this appeal. Moreover, both of these orders were entered after the parties had conducted discovery and presented evidence. Thus, we treat the circuit court's action as a grant of summary judgment.[4]

A grant of summary judgment is appropriate when "there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."[5] We review a circuit court's grant of summary judgment *de novo*.[6]

Thus, our resolution of this case depends on whether a genuine issue of material fact exists which might toll the six-year statute of limitations for Braxton Lumber to file its 2007 lawsuit seeking payment on the promissory note. If no further inquiry concerning the facts is desirable to clarify application of the law, the circuit court's summary judgment of Braxton Lumber's lawsuit is proper.

### III.
### ANALYSIS

---

[4] *See* FRANKLIN D. CLECKLEY, ROBIN J. DAVIS, & LOUIS J. PALMER, JR., LITIGATION HANDBOOK ON WEST VIRGINIA RULES OF CIVIL PROCEDURE § 12(b)(6)[3], at 393 (4th ed. 2012) ("[I]f matters outside the [motion to dismiss] are presented to the court and are not excluded by it, the motion must be treated as one for summary judgment[.]").

[5] Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

[6] Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

West Virginia Code Section 46-3-118(a) clearly provides that "an action to enforce the obligation of a party to pay a [promissory] note . . . must be commenced within six years after the due date or dates stated in the note[.]" Neither party disputes that the promissory note became due in January 1999. Thus, Braxton Lumber had until January 2005 to file its lawsuit seeking payment on the promissory note. However, it did not file its lawsuit against Lloyd's, Inc. until nearly three years after the statute of limitations expired – December 2007. Unless a tolling provision applies to this case, extending the time in which Braxton Lumber could have filed its lawsuit against Lloyd's, Inc., it is barred by the six-year statute of limitations.

Braxton Lumber asserts two tolling provisions extended the time in which it could have filed its lawsuit against Lloyds, Inc.: West Virginia Code Section 55-2-21 [1981] (pertaining to third-party complaints) and West Virginia Code Section 55-2-8 [1882] (pertaining to new written promises to pay a debt after it has become due). We examine the parties' arguments on both of these statutes in turn.

### A. West Virginia Code Section 55-2-21 [1981]

The 1981 version of West Virginia Code Section 55-2-21 provides:

> After a civil action is commenced, the running of any statute of limitation shall be tolled for, and only for, the pendency of that civil action as to any claim which has been or *may be asserted therein by . . . third-party complaint . . . .* This section shall be deemed to toll the running of any statute of limitation with respect to any claim for which the statute of limitation has not expired on the effective date of this section,

but only for so long as the action tolling the statute of limitations is pending.[7]

Thus, West Virginia Code Section 55-2-21 [1981] tolled the statute of limitations for asserting third-party complaints which have been or may be asserted in a pending civil action.[8]

Braxton Lumber contends West Virginia Code Section 55-2-21 tolled the statute of limitations because it could have sought judgment against Lloyd's, Inc. on the promissory note in a third-party complaint in the 2004 lawsuit. By contrast, Lloyd's, Inc. contends that Braxton Lumber's claim would not have been a proper third-party complaint had it been asserted in the 2004 lawsuit. Rather, Lloyd's, Inc. asserts it is an independent cause of action, which is not tolled under West Virginia Code Section 55-2-21.[9]

To determine whether West Virginia Code Section 55-2-21 applies to this case, we look to West Virginia Rule of Civil Procedure 14(a). Rule 14(a) provides:

---

[7] Emphasis added.

[8] In 2016, the Legislature amended West Virginia Code Section 55-2-21. Subsection(b) now provides, in pertinent part, that a defendant to a civil action "shall have one hundred eighty days from the date of the service of process of the original complaint, or the time remaining on the applicable statute of limitations, whichever is longer, to bring [a] third-party complaint[.]" As of 2016, West Virginia Code Section 55-2-21 no longer tolls the statute of limitations on a third-party complaint for the entire pendency of a civil action. However, because Braxton Lumber's 2007 lawsuit was commenced before the 2016 revision's effective date, it is inapplicable to this dispute.

[9] *See J.A. Street & Assocs., Inc. v. Thundering Herd Dev., LLC.*, 228 W.Va. 695, 704, 724 S.E.2d 299, 308 (2011) (West Virginia Code Section 55-2-21 [1981]'s "application is based on the classification of [petitioner's] claims against [respondent] as a [third-party complaint,] or as an independent cause of action.").

> [A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.*[10]

Braxton Lumber argues that its claim against Lloyd's, Inc. would have been a proper third-party complaint under Rule 14(a) had it been asserted in the 2004 lawsuit because it arose from the same general set of facts as Greg's claims against it for waste, conversion, self-dealing, and insider trading.

However, Rule 14(a)'s terms are not met just because a defendant's claim against a third-party arises out of the same general set of facts as the original plaintiff's claim against the defendant.[11] "[D]erivative liability is central to the operation of Rule 14. It cannot be used as a device to bring into a controversy matters which merely happen to have some relationship to the original action."[12] Thus, under Rule 14(a), "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative."[13] Put simply,

---

[10] Emphasis added.

[11] *Laughlin v. Dell Fin Serv., L.P.*, 465 F. Supp. 2d 563, 567 (D.S.C. 2006) ("Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.").

[12] *Walker v. Option One Mortg. Corp.*, 220 W.Va. 660, 671, 649 S.E.2d 233, 244 (2007) (Davis, J., dissenting) (*quoting Watergate Landmark Condo Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)).

[13] *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

8

> [A] third-party claim is only viable where a proposed third-party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third-party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff."[14]

Therefore, we hold that a third-party complaint filed pursuant to Rule 14(a) of the West Virginia Rules of Civil Procedure is proper only when the party to be joined is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim(s) against the third-party plaintiff. A third-party complaint is not proper merely because it arises from the same transaction or occurrence that is the subject matter of the original plaintiff's complaint against the defendant.

Thus, Braxton Lumber could not have asserted its claim against Lloyd's, Inc., seeking payment on the promissory note, in the 2004 lawsuit as a third-party complaint under Rule 14(a). The only proper third-party complaint Braxton Lumber could have filed in the 2004 lawsuit would have been against an individual who was or may have been liable for all or part of Greg's claims against it for waste, conversion, self-dealing, or insider trading. Even assuming that Lloyd's, Inc. is liable on the promissory note, that does not make Lloyd's, Inc. liable for all or part of Greg's claims. Because Braxton Lumber's claim against Lloyd's, Inc. on the promissory note is an independent cause of action, West Virginia Code Section 55-2-21 does not toll the statute of limitations in this case.

---

[14] *Laughlin*, 465 F. Supp. 2d at 566 (internal citations omitted).

9

### B.  *West Virginia Code Section 55-2-8 [1882].*

The second tolling provision on which Braxton Lumber relies, West Virginia Code Section 55-2-8, provides, in pertinent part:

> If any person against whom the right shall have so accrued on an award, or on any such contract, shall by writing signed by him or his agent *promise payment of money on such award or contract*, the person to whom the right shall have so accrued may maintain an action or suit for the moneys so promised within such number of years after such promise as it might originally have been maintained within upon the award of contract, and the plaintiff may either sue on such a promise, or on the original cause of action[.] . . . *An acknowledgement in writing as aforesaid, from which a promise of payment may be implied, shall be deemed to be such a promise within the meaning of this section.*[15]

Thus, under West Virginia Code Section 55-2-8, when a debtor signs a new written promise to pay a debt that has accrued or an acknowledgement in writing from which a new promise of payment may be implied, the statute of limitations on a cause of action to enforce payment on the debt starts over.  We have further elaborated that:

> The provisions of Section 8, Article 2, Chapter 55, Code, 1931, expressly require a signed writing to constitute a new promise or an acknowledgment from which such promise may be implied and that such promise or acknowledgment be incorporated in a writing signed by the promisor or his agent; and to remove an account from the operation of the . . . statute of limitations . . . , there must be an express promise to pay or, if there be a mere acknowledgment, it must be unqualified, without condition, importing liability and willingness to pay without reference to a future settlement, and *it must be determinate and*

---

[15] Emphasis added.

10

> *unequivocal so as to be tantamount to an express promise to pay.*[16]

Under this tolling provision, "the burden of removing the statutory bar rests upon the plaintiff," in this case, Braxton Lumber.[17]

Braxton Lumber contends written statements made during the 2004 lawsuit implied a promise that Lloyd's, Inc. would pay the promissory note. These writings include: (1) an entry in Lloyd's, Inc.'s accounting journal, which seems to reflect a debt to Braxton Lumber; (2) a report by Lloyd's, Inc.'s expert in the 2004 lawsuit, based on Lloyd's, Inc.'s accounting records, reflecting a 1997 debt to Braxton Lumber; and (3) a written response by Greg to Chuck's request for admissions in the 2004 lawsuit.

In regard to Lloyd's, Inc.'s accounting journal and the expert's report based thereon, our law is well-established that: "Mere entries by a party in his own book of accounts will not operate as an acknowledgment, to take a demand out of the statute of limitations."[18] As we have stated, "balance sheets do not constitute a promise or an acknowledgement in writing that has been signed by the defendant or its agent as expressly required by [West Virginia Code Section 55-2-8]."[19] Thus, the entries in

---

[16] Syl. Pt. 1, in part, *Preston Cty. Coke Co. v. Preston Cty. Light & Power Co.*, 146 W.Va. 231, 119 S.E.2d 420 (1961) (emphasis added).

[17] *Stansbury v. Stansbury's Adm'rs*, 20 W.Va. 23, 29 (1882).

[18] Syl. Pt. 5, *Stiles v. Laurel Fork Oil & Coal Co.*, 47 W.Va. 838, 35 S.E. 986 (1900).

[19] *Preston Cty. Coke Co.*, 146 W.Va. at 247, 119 S.E.2d at 430.

11

Lloyd's, Inc.'s accounting journal and the expert's report based thereon, is insufficient to toll the statute of limitations under West Virginia Code Section 55-2-8.

Braxton Lumber also asserts that a response by Greg to Chuck's requests for admissions in the 2004 lawsuit implied a new promise that Lloyd's, Inc. would pay the promissory note. Chuck submitted the following request for admission to Greg during the 2004 lawsuit:

> Do you admit that beginning in or about 1996, Braxton Lumber made a series of loans to Lloyd's, Inc. totaling approximately $600,000.00, which allowed for the capitalization of Lloyd's Ace Hardware and that by August 15, 1998, the books of Braxton Lumber and Lloyd's Inc. each reflected that Lloyd's, Inc. owed Braxton Lumber not less than $600,000.00

Greg responded:

> Admitted in so far as the fact that loans were made. Greg Lloyd, after reasonable investigation, *does not possess knowledge or information sufficient to admit or deny facts about the amount of any such loans.*[20]

Braxton Lumber further claimed: "Greg Lloyd, on behalf of Respondent Lloyd's, signed a verification on August 12, 2002, verifying under oath the answers and responses . . . to be true and accurate."[21]

We find that Greg's response did not toll the statute of limitations under West Virginia Code Section 55-2-8. It did not contain a promise to pay the promissory

---

[20] Emphasis added.

[21] Braxton Lumber provided no explanation for how the parties to the 2004 lawsuit conducted discovery in 2002. The record does not mention a lawsuit filed before 2004 relating to this dispute.

12

note, or even an admission that Lloyd's, Inc. was liable to pay it. Rather, Greg's response merely stated that "loans were made," and he was uncertain "about the amount of any such loans." Under West Virginia Code Section 55-2-8, "a new promise to pay which will vivify a stale demand must be positive in all respects."[22] Greg's response that he was uncertain "about the amount of any such loans," falls far short of this "positive in all respects" standard.

Moreover, for a writing to toll the statute of limitations under West Virginia Code Section 55-2-8, "[i]t must acknowledge a fixed sum, or a balance which admits of ready and certain ascertainment."[23] The record reveals that, during the 2004 lawsuit, the circuit court, the lawyers working on the case, and some of the parties did not even know which debt Chuck's claim was based on. Their confusion was based, in large part, on Braxton Lumber's own failure to keep adequate records of its business dealings. By the time the 2004 lawsuit was commenced, whether/how much Lloyd's, Inc. owed Braxton Lumber on any debt was shrouded in so much mystery that Chuck amended his complaint to clarify that his suit was based on the promissory for $564,000.00. Clearly, the sum or balance Lloyd's, Inc. owed Braxton Lumber on the promissory note was not capable of ready and certain ascertainment when Greg responded to Chuck's request for admissions.

---

[22] Syl. Pt. 1, in part, *Hill v. Ringgold*, 112 W.Va. 374, 164 S.E. 142 (1932).

[23] *Findley v. Cunningham*, 53 W.Va. 1, 11, 44 S.E. 472, 476 (1903) (internal quotations and citations omitted).

Greg's response was not an acknowledgment in writing from which a promise to pay the promissory note was implied. Because Braxton Lumber did not produce a writing in which Lloyd's, Inc. made a new promise to pay Braxton Lumber on the promissory note, West Virginia Code Section 55-2-8 does not toll the six year statute of limitations on its lawsuit. The circuit court's entry of summary judgment on Braxton Lumber's lawsuit was proper.[24]

**IV.**
**CONCLUSION**

Neither West Virginia Code Section 55-2-21 nor West Virginia Code Section 55-2-8 tolled the six-year statute of limitations on Braxton Lumber's lawsuit. Therefore, we affirm the circuit court's dismissal of Braxton Lumber's lawsuit against Lloyd's, Inc.

Affirmed.

---

[24] Before disposing of this case, we note Braxton Lumber's argument that the circuit court erred on grounds of *res judicata* and collateral estoppel. Because Braxton Lumber's claim was time-barred, we decline to address these issues.