**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Miguel Oyuela-Martinez, Appellant,

v.

Kuhn & Kuhn, LLC and John Robert Kuhn, Defendants,

Of which Kuhn & Kuhn, LLC, is the Respondent.

Appellate Case No. 2020-000932

---

Appeal From Charleston County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-301
Submitted June 1, 2022 – Filed July 20, 2022

---

**AFFIRMED**

---

Kevin B. Smith and Amanda Ruth Itterly, of Hoffman Law Firm, of North Charleston, both for Appellant.

John R. Kuhn, of Kuhn & Kuhn, LLC, of Charleston; and Jeffrey Michael Crudup, of Charleston, both for Respondent.

---

**PER CURIAM:** Miguel Oyuela-Martinez (Appellant) appeals the circuit court's grant of summary judgment to Kuhn & Kuhn, LLC (Respondent) on Appellant's

claim that Respondent was vicariously liable for the negligence of its employee or agent, John Kuhn. On appeal, Appellant argues the circuit court erred in ruling on a motion previously decided by another circuit court judge and in refusing to decide the issue of fraud. We affirm.

1. We hold the circuit court did not err in ruling on Respondent's second motion for summary judgment because the previous order did not establish the law of the case and the Supplemental Agreement and Covenant Not to Execute provided new evidence for the circuit court's consideration. *See In re Rabens*, 386 S.C. 469, 473, 688 S.E.2d 602, 604 (Ct. App. 2010) ("A denial of summary judgment does not establish the law of the case and is not directly appealable."); *Crosswell Enters., Inc. v. Arnold*, 309 S.C. 276, 279, 422 S.E.2d 157, 159 (Ct. App. 1992) ("The denial of a motion for summary judgment does not bar a party from making a later motion for summary judgment based on matters not involved in the decision on the first motion."); *Dorrell v. S.C. Dep't of Transp.*, 361 S.C. 312, 325, 605 S.E.2d 12, 18 (2004) (explaining the fact "[t]hat a different trial judge previously denied the motion did not preclude [the respondent] from renewing its motion once new evidence came to light").

2. We hold the circuit court did not err in granting summary judgment. Although Appellant contends that the trial court should have considered his *defense* of fraud in the inducement, he did not seek rescission of the two Agreements and Covenants Not to Execute, and he never attempted to return the consideration he received for his execution of them. We also hold the circuit court did not err in finding the covenants remain valid. *See Fields v. Yarborough Ford, Inc.*, 307 S.C. 207, 211, 414 S.E.2d 164, 166 (1992) ("A plaintiff induced to enter a contract by fraud *must* elect between two remedies: he can elect to affirm the contract and bring an action to recover damages sustained by reason of the fraud or, alternatively, he may elect to rescind the contract and recover the consideration paid plus incidental damages which were foreseeable and were incurred in reliance on the fraudulent misrepresentation." (emphasis added)); *Williams v. Leventis*, 290 S.C. 386, 389, 350 S.E.2d 520, 522 (Ct. App. 1986) ("[G]enerally a party who wishes to rescind a contract must place the opposite party in status quo."). Appellant does not challenge the circuit court's finding that a covenant not to sue given to an agent also releases the principal. Accordingly, this finding is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating an unappealed ruling is the law of the case).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.